HATTIE A. SIDELINGER *vs.* MOSES R. BUCKLIN.

*Bastardy.   Complainant's declarations inadmissible.   Practice.*

The declarations of a complainant in bastardy, whether made before or after her formal accusation upon oath, as to the paternity of her child, are inadmissible in evidence, when offered by her, either to show constancy or strengthen her credit; since they have no tendency to do either.  They are no proof that entirely different statements may not have been made at other times; hence, are no evidence of constancy in the accusation; and if her sworn statements are of doubtful credibility, those made without the sanction of an oath, or its equivalent cannot corroborate them.

Upon the trial of a bastardy process, a copy of the complaint and warrant, certified by the magistrate who took bond for the respondent's appearance, even though the complaint was made before, and the warrant issued by another official, are properly received as evidence of the regularity of the original proceedings.

Proceedings before a trial justice are a sufficient compliance with the statute, which says they shall be before a justice of the peace.

Evidence that the complainant has had the reputation of being a prostitute for the three years preceding the accusation, was properly rejected.

ON EXCEPTIONS.

COMPLAINT in bastardy made June 15, 1872, before one E. G.

Webber, a trial justice of Knox county, who issued his warrant upon which the respondent was brought before Charles F. Blake, Esq., another trial justice of the county, who required him to give bond for his appearance at the next term of this court. At the trial copies of the complaint and warrant, certified by Mr. Blake, were permitted to be used as pleadings and as proof that the complainant had made the requisite accusation, &c., although the respondent objected to their use. The complainant testified that she signed such an accusation.

The complainant's mother, summoned by her, testified that the complainant told her who was the father of the child in May, 1872. The same witness was asked: "since the making of her accusation in writing, whom has she accused of being the father of the child?" and was allowed to answer: "Moses R. Bucklin." This witness then stated that her daughter had always accused the defendant of being the father of the child ever since that time, whenever she conversed with her on the subject.

Complainant's counsel argued to the jury that this was evidence of her truthfulness, as well as of her constancy.

The defendant offered to prove that the complainant had the general reputation of being a prostitute for the past three years, but the judge excluded it.

To these rulings, admitting the papers and testimony and excluding that offered by him, the respondent excepted, the verdict being against him.

*Gould & Moore* for the respondent.

*Mortland & Bliss* for the complainant.

DANFORTH, J. The complainant, under objection, was permitted to prove by a witness upon the stand, her own declarations, made both before and after her "accusation and examination," that the respondent was the father of her child. Such declarations are not admissible to prove that "she has continued constant in such accusation," as they have no tendency to do so. They are entirely consistent with any number of different accusations.

Nor are they competent to sustain her credibility as a witness, the purpose for which they seem to have been used; for if her statements under oath are of doubtful credit, they would be no less so without that sanction. Nor could they be strengthened by any number of repetitions. 1 Greenl. on Ev., § 469, and cases cited in the note to that section.

Nothing appears in the case to make them an exception to the general rule excluding declarations of parties in their own behalf, or of witnesses generally, made out of court.

In all the other matters excepted to, the rulings of the court were in accordance with the law and the usual practice in this state.                    *Exceptions sustained.*

APPLETON, C. J., CUTTING, BARROWS and VIRGIN, JJ., concurred.