## ANDERSON v. STATE.

No. 3319.   Opinion Filed May 12, 1914.

(140 Pac. 1142.)

1. BASTARDS—Proceedings—Complaint—Residence. In an action sought to be brought under article 3, c. 13, Comp. Laws 1909 (article 3, c. 55, Rev. Laws 1910), against the father of an illegitimate child for bastardy, the fact of the residence of the mother of such child is jurisdictional, and a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not sufficient to constitute a cause of action.

2. PLEADING—Pleadings Authorized—Plea in Bar. Under section 4736, Rev. Laws 1910, the only pleadings allowed are: "First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff. Fourth. The demurrer by the defendant to the reply of the plaintiff."

3. BASTARDS — Nature of Proceeding—Pleadings and Procedure. An action brought under article 3, c. 55, Rev. Laws 1910, against the father of an illegitimate child for bastardy, is in the nature of a special proceeding to be tried as a civil action and should be governed by the pleadings and procedure prescribed by the chapter of our statute on procedure civil.

4.   SAME — Issues of Fact — Statutes. Section 4993, Rev. Laws 1910, provides: ''Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as herein provided.''

5.   JURY—Right to Jury Trial—Bastardy Proceeding. In an action against the father of an illegitimate child for bastardy, where the issue of fact is joined as to whether full settlement had been made with the mother of such child, and as to whether such settlement was entered into as the free and voluntary act of the parties, or whether obtained through duress, demand having been made by the defendant, it is error to refuse a trial by jury.

(Syllabus by Harrison, C.)

*Error from County Court, Payne County;*
*W. H. Wilcox, Judge.*

Bastardy proceedings by the State, on the complaint of Susie M. Robinson, prosecuted by D. W. Weldon, County Attorney of Payne County, against Nicholas A. Anderson. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*James M. Springer,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *D. W. Weldon,* Co. Atty., for the State.

Opinion by HARRISON, C. This was an action prosecuted by D. W. Weldon, county attorney of Payne county, in the name of the state of Oklahoma, upon complaint of Susie M. Robinson against Nicholas A. Anderson, as the father of an illegitimate child. The action was sought to be brought under article 3, c. 13, Comp. Laws 1909 (article 3, c. 55, Rev. Laws 1910), upon the following complaint, omitting the caption, to wit:

"Susie M. Robinson, of lawful age, being first duly sworn deposes and says: That on the 6th day of April, 1909, she was delivered of a bastard child in the county of Payne and state of Oklahoma; that said child is living and in her custody and under her control at this time; that Nicholas A. Anderson, of the county of Payne and state of Oklahoma, is the father thereof. Further affiant saith not. Susie M. Robinson.

"Subscribed and sworn to before me this 24th day of January, 1911. W. H. Wilcox, County Judge."

Afterwards, upon a warrant for his arrest, the defendant was brought into court and placed under a $500 bond for his appearance at the next term of court. When the cause came on for trial at the following term, defendant demurred to the complaint on the ground that it neither stated facts sufficient to constitute an offense against the state nor facts sufficient to constitute a cause of action against him. Demurrer was overruled, and defendant excepted. Whereupon defendant filed what he styled a "plea in bar," wherein he sought to set up a settlement with complainant, and wherein he pleaded a written release signed by complainant, purporting to be an acknowledged receipt in full settlement, and demanded a jury to try the issues of fact; the state having filed a reply to the so-called plea in bar, wherein it was alleged that the receipt set out in defendant's plea had been obtained through duress and coercion. The court denied defendant the right of trial by jury and proceeded to try the cause and render judgment in the sum of $900 to be paid by defendant to complainant according to the terms set forth in the judgment, and from such judgment defendant appeals.

We think the court erred both in overruling the demurrer to the sufficiency of the complaint and in denying defendant the right to have the issue of fact as to whether settlement had been made with complainant, and as to whether such settlement was obtained through duress, submitted to a jury.

It might be well in this connection to state that no such plea as a formal plea in bar is prescribed by our statute. Proceedings under article 3, *supra,* have been construed to be a special proceeding in the form of a civil action. See *Bell v. Territory,* 8 Okla. 75, 56 Pac. 853; *In re Comstock, Petitioner,* 10 Okla. 299, 61 Pac. 921. And, being in the nature of a special proceeding to be tried as a civil action, it would be governed by the pleadings prescribed by our Civil Code.

Section 4736, Rev. Laws 1910, is as follows:

"The only pleadings allowed are: First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff. Fourth. The demurrer by the defendant to the reply of the plaintiff."

Hence, if defendant's plea was sufficient for any purpose, it would be as an answer to the plaintiff's complaint, and, from an examination of the plea in question, we think it sufficient to state a defense to such complaint, provided, of course, such complaint be treated as stating facts sufficient to give the court jurisdiction of the subject-matter, and should therefore be treated as an answer to such complaint. However, we think the complaint is insufficient upon demurrer to constitute a cause of action over which the court had jurisdiction.

For one reason, it fails to state that the complainant is a resident of the county in which the action was brought. Section 4401, being the first section of article 3, c. 55, *supra,* Rev. Laws 1910, reads as follows:

"Whenever any woman residing in any county of this state is delivered of a bastard child.    *    *    * "

It is clear from this section that the fact of residence in the county is jurisdictional, and that therefore the court erred in overruling the demurrer to the complaint.

It is also true that the court erred in refusing to submit the issues of fact made by the pleadings to a jury. Section 4993, Rev. Laws 1910, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

See, also, *Taylor Welch v. Insurance Co.*, 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; *Railway Co. v. Wehrman,* 25 Okla. 147, 105 Pac. 328; *McCoy v. McCoy,* 30 Okla. 379, 121 Pac. 176, Ann. Cas. 1913C, 146.

It also appears from the record that the complainant in question was of lawful age, and that the defendant was under eighteen years of age at the time of the alleged settlement between the parties. Hence, under all the circumstances, we think the issues of fact as requested by defendant should have been submitted to a jury.

For the reasons stated, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.