**RATZLAFF v. STATE.**

No. 15081—Opinion Filed Sept. 16, 1924.

(Syllabus.)

1. **Bastards—Nature of Bastardy Petition—Pleading.**

A bastardy proceeding, under article 3, chap. 70, Comp. Stat. 1921, is a civil action and the allegations of the initial pleading of the plaintiff must be so definite and certain as to advise the defendant of "the precise nature of the charge," so that he may advisedly and intelligently prepare his defense.

2. **Courts—Judicial Power and Discretion.**

We approve the rules announced by Chief Justice Marshall where he said: "Courts are mere instruments of the law and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion; a discretion to be exercised in discerning the course prescribed by law, and when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the Legislature, or, in other words, to the will of the law." Osborn v. U. S. Bank, 22 U. S. (9 Wheat.) 738, 6 L. Ed. 204.

3. **Appeal and Error—Harmless Error—Extent of Doctrine.**

Errors of a trial court clearly appearing and which, from the record, it appears may have been materially prejudicial will not ordinarily be excused by an undue extension and application of the doctrine of harmless error merely because it does not affirmatively and clearly appear from the record that a contrary ruling of the lower court would have produced a different verdict or judgment.

4. **Evidence—Child as Exhibit on Issue of Paternity.**

Rarely in a case should the court permit

a child to be exhibited to the jury for the purpose of making its appearance evidence of its paternity, and in no case should this be done unless the child has reached that age and point of development where its features and corporal traits have become well and finally fixed and settled.

## 5. Bastards—Bastardy Proceeding — Sufficiency of Petition—Residence of Mother.

In a complaint in bastardy proceedings, filed under article 3, chapter 70, Comp. Stats. 1921, an allegation that the mother of the child is a resident of the state at the time of the filing of the complaint is sufficient to state a cause of action in this regard, as it is not necessary that she be such resident at the time of conception, during pregnancy, or when she was delivered of the child.

Error from County Court, Major County: J. Dawson Houk, Judge.

Action by the State against Harrison Ratzlaff. From adverse judgment, defendant brings error. Reversed and remanded for new trial.

Simons, McKnight & Simons and Tom E. Willis, for plaintiff in error.

A. R. Hughes, C. K. Cary, J. Q. A. Harrod, and C. B. Wood, for defendant in error.

LYDICK, J. This is a proceeding instituted in the county court of Major county, under article 3, chap. 70, Comp. Stats. 1921, to charge Harrison Ratzlaff, the alleged father of a bastard child, with its maintenance. The complaint was verified by Dorothy Kliever, mother of the child, and the proceedings were in the name of the state. Defendant was found guilty by a jury and judgment rendered against him by the court accordingly. He appeals to this court.

In the complaint the sole allegation as to the mother's conception of this bastard child is **"that Harrison Ratzlaff is the father of her said child."** The defendant filed a motion to require the complaint to be made more definite and certain so as to allege the time and place where it was claimed that there took place the sexual intercourse between the parties by which the mother was conceived with this child. This motion was overruled, the defendant excepted, and now assigns this ruling as error here.

A bastardy proceeding under article 3, chap. 70, Comp. Stats. 1921, is a civil action, and the allegation of the initial pleading of the plaintiff must be so definite and cer-

tain as to advise the defendant of "the precise nature of the charge" so that he may advisedly and intelligently prepare his defense. See Anderson v. State, 42 Okla. 51, 142 Pac. 1142.

This requirement is of special importance in a case like this, for when a man is charged with improper relations with a woman and she testifies that he is guilty, it too often appears that the jury, notwithstanding the law and the court's instructions to the contrary, finds him not guilty only when he has established his innocence by affirmative proof beyond a reasonable doubt.

The defendant must be permitted to frame the issues and prepare for trial on the theory that he is not guilty. If the charge be false that he is the father of the child, how can he intelligently procure witnesses to show that he was not present perhaps a year before, at some particular place which the prosecuting witness may, on the witness stand in the trial and for the first time, disclose as the place where she claims the crime was committed? Or, if admittedly present, produce witnesses that no such act occurred? Evidence of admissions of the prosecuting witness against her interests and proof of various kinds may be available and effective to meet such issue, but without knowing the material issue to be presented by the state, the defendant may be made helpless to defend no matter how innocent he may be. Such motion is "addressed largely to the discretion of the court," as we held in the case of Frear et al v. State, 76 Okla. 213, 184 Pac. 771. The rule announced in this case is a correct statement of the law, but this discretion is a legal one.

We approve the rules announced by Chief Justice Marshall when he said:

"Courts are mere instruments of the law and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion; a discretion to be exercised in discerning the course prescribed by law. and when that is discerned, it is the duty of the court to follow it. Judicial opinion is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the Legislature, or in other words, to the will of the law." Osborn v U. S. Bank, 22 U. S. (9 Wheat.) 738-866, 6 L. Ed. 204.

This error of the lower court deprived the defendant of a substantial right, and from the record it appears same may have been highly prejudicial to his defense. Errors

of a trial court clearly appearing, and which from the record it appears may have been materially injurious, will not ordinarily be excused by an undue extension and application of the doctrine of harmless error, merely because it does not affirmatively and clearly appear from the record that a contrary ruling of the lower court would have produced a different verdict or judgment.

The defendant demurred to this complaint, alleging it to be insufficient because it contained no allegation that the mother of the child was a resident of this state at the time of the delivery of the bastard child, of its conception or during pregnancy. The demurrer was overruled, and the defendant excepted and now assigns that ruling as error here. This statute authorizes this proceeding to be begun only—

"whenever any woman in any county in this state is delivered of a bastard child or is pregnant of child which, if born alive, will be a bastard."

The language is somewhat ambiguous and may easily be construed as requiring residence of the mother in this state during pregnancy. In the case of Libby v. State, 42 Okla. 603, 142 Pac. 406, this court held sufficient on this point a complaint which, like the one in the case at bar, merely alleged residence of the mother at the time of the birth of the child. It is apparent that the state relied upon our opinion in this case as an established precedent. For that reason we will adhere to this ruling now and hold the demurrer was properly overruled.

Frank Kliever, father of the complaining witness, testified for the state. Counsel for the defendant propounded questions to this witness which, in the record, he stated would elicit answers showing that the witness had said that one Louis Wadlow was the father of the child, and would further show that this witness had endeavored to obtain $1,000 from Louis Wadlow on account thereof. The court sustained the state's objection to these questions and corresponding offers of proof of these facts by the defendant as stated. The defendant excepted and here assigns this ruling of the court as error. The state urges this evidence to be incompetent and immaterial unless the witness be proven to be the agent of the complaining witness and says that the evidence in the record is insufficient to show such agency. Proof of agency is not necessary. The evidence was proper to measure the credibility, sincerity, and good faith of the witness. He had testified to

statements practically amounting to an admission of guilt by the defendant If it were proven that this witness had done the things suggested by the questions to him propounded, his credibility would be greatly weakened in the minds of the jury. It was serious error to sustain objection to these questions and to deny the defendant the right in this manner to impeach the credibility of this very material witness.

Over the objections and exception of the defendant the bastard child in this case was not only exhibited to the jury, but was identified, formally marked Exhibit "A," introduced in evidence by the state, and made a part of the record. The mother of the complaining witness was permitted, as a witness for the state, to give her opinion and reasons in support thereof as to points of resemblance between the appearance of the child and the defendant, which features of the baby were pointed out to the jury as she testified. Such argumentative discussion is too clearly incompetent as evidence to require specific reference to rules so declaring. This child, at the time of the trial, was only eleven months old, its features wholly unsettled, corporal traits undeveloped, the color of its hair subject to great change as it grew older, and even the color and expression of its eyes likely different from that which mature years will produce.

The introduction of such a young baby in evidence and the exhibition thereof to the jury is held improper by the Supreme Court of Texas in the case of Redman v. State, 52 Tex. Cr. Rep. 591, and later reported in 67 Tex. Cr. Rep. 374, 149 S. W. 670. The opinion is lengthy and argumentative and the process of reasoning therein appearing we thoroughly approve. Such is held to be the clear rule of the majority of the courts by the following authorities: 3 R. C. L. 764, sec. 45. Hanna Walt v. State (Wis.) 24 N. W. 489; Flores v. State (Fla.) 73 South. 234; State v. Meier (Iowa) 118 N. W. 729.

This exhibition of this baby in evidence is not, in our opinion, justified even under the rule announced in Wigmore on Evidence and cited by counsel for the state, where it is required that the child be "old enough to possess settled features or other corporal traits or indications." A baby as young as this one is likely to very much resemble a defendant and at the same time to look as much or more like a dozen other men in the community who do not necessarily closely resemble the defendant. The faces of the

other men will not be in evidence before the jury and the jury is too likely to be deceived thereby. In this case the defendant and complaining witness were cousins, as in the case of Redman v. State, supra, and as there said, "the infant could have naturally borne a resemblance to him resulting from the mysterious laws of nature, and yet he be not its father." Furthermore, the exhibition of this baby to the jury, accompanied by a discussion of its features by a witness on the stand, has the natural tendency to excite the pity, passions, and prejudices of a jury and the danger of unjust damage to be done thereby to the cause of justice far outweighs the likely lawful loss occasioned by the rejection of the child as evidence of the identity of its paternity.

One witness was permitted, over the defendant's objection, to testify that the defendant's brother, told him, in the absence of the defendant, that the defendant had made certain statements which he there recited and which were in the nature of an admission of guilt. About the only strong incriminating evidence against the defendant, aside from the girl's peculiar story, is the testimony of the girl's father, which the court would not permit the defendant to impeach, and this bit of hearsay. So we say the effect of these statements of this witness was doubtlessly very great. No reference to rule or authority is necessary to accompany our holding that this is most damaging error. It is difficult to understand why, in a case of this importance, a prosecutor and trial judge would so recklessly defy the elementary rules of evidence forbidding hearsay testimony like this.

This defendant has not been given the substantially fair trial guaranteed him by the law. The judgment of the lower court is reversed, and the case remanded for further proceedings in accordance with this opinion.

McNEILL, C. J., and NICHOLSON, JOHNSON, BRANSON, MASON, WARREN, and GORDON, JJ., concur.