Note.—See under (1) 33 C. J. pp. 1180, 1182, §112; 38 Cyc. pp. 1927, 1929; anno. L. R. A. 1916E, 828; 15 R. C. L. p. 606; 3 R. C. L. Supp. p. 474.   (2) 21 C. J. pp. 594, 596, §735.   (3) 8 C. J. p. 246, §386; 41 C. J. p. 441, § 320; 3 R. C. L. p. 1017. (4) 8 C. J. p. 469, §686 (Anno); p. 744, §1018.   (5) 8 C. J. p. 213, §347; p. 214, §348 (Anno): 9 C. J. p. 1176, §35: 41 C. J. p. 386, §199: p. 387, §202; p. 388, §205 (Anno).

---

## MAISCH v. STATE.

No. 17201.   Opinion Filed Dec. 20, 1927.

(Syllabus.)

1. **Bastards — Bastardy Proceeding—Sufficiency of Complaint—Syllabus Adopted.**

Paragraph 3 of the syllabus in Ratzlaff v. State, 122 Okla. 263, 249 Pac. 934, is hereby adopted as paragraph I of the syllabus in this case.

2. **Same—Refusal of Further Time to Plead After Demurrer to Complaint Overruled not Erroneous.**

In a bastardy action, where the proceedings leading up to the trial have been had in conformity to the provisions of sections 8064 and 8065, C. O. S. 1921, though the sufficiency of the complaint by demurrer be challenged and pending and overruled at the opening of the trial, it is not error to refuse time to further plead or answer as in a civil action and to proceed with the trial, as, under section 8064, the issue for determination is that of guilty or not guilty.

3. **Same—Evidence as to Acts of Intercourse and Promise to Marry—Syllabus Adopted.**

Paragraphs 1 and 2 of the syllabus in Siefker v. State, 128 Okla. 96, 261 Pac. 211, are hereby adopted as subdivisions "A" and "B" of paragraph 3 of the syllabus in this case.

4. **Same—Evidence—Self-Serving Declarations of Complainant as to Paternity of Child.**

In a bastardy action declarations of the complainant made by her to others, either before or after the birth of the child, to the effect that the defendant was the father, are incompetent as self-serving and hearsay and inadmissible.

5. **Same—Instructions as to Burden of Proof not Erroneous.**

Instructions of the court in a bastardy action that advise the jury that their verdict must be that of guilty or not guilty as in a criminal action, and that the state must establish the guilt of the defendant by a preponderance of the evidence, otherwise the verdict of the jury must be that of not guilty, are not erroneous.

Commissioners' Opinion, Division No. 1.

Error from County Court, Kay County; J. L. Roberson, Judge.

Bastardy action against Carl Maisch. From the judgment, defendant appeals. Reversed and remanded.

G. A. Chappell, for plaintiff in error.

Edwin Dabney, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for defendant in error.

TEEHEE, C. On November 19, 1925, Carl Maisch was by a jury verdict found guilty of bastardy. Judgment thereon of $1,200 payable in quarterly installments against the defendant was rendered, from which this appeal is prosecuted.

For reversal defendant first urges the insufficiency of the complaint to state a cause of action. Attack thereon was made through a motion to make more definite and certain as to the time and place the offense was committed, and a demurrer based on the same grounds. The complaint alleged that affiant was the mother of a bastard child; that she was a resident of the county in which the complaint was made; and that the defendant was the father of the child. It has been repeatedly held that, where a complaint contains these allegations, the requirements of the statute are met. Ratzlaff v. State, 122 Okla. 263, 249 Pac. 934.

It is next urged that the court erred in forcing the defendant to trial before the cause was at issue, on the ground that the defendant had the right to file pleadings as in a civil action. In this connection the contention is made that the defendant duly interposed objections to the introduction of any evidence for the reason stated, and further raised the point through a demurrer to plaintiff's evidence upon direct presentation of the case, and based on the same ground.

In Ex parte Lowery, 107 Okla. 132, 231 Pac. 86, the court said:

"A bastardy proceeding is of a special character in the nature of a civil action, and the Code of Civil Procedure is applicable thereto except where other special procedure is required under the statute."

By section 8064, C. O. S. 1921, it is provided:

"Upon the defendant being brought before the court, if he deny the truth of the complaint, the issue to be tried shall be 'guilty' or 'not guilty,' and shall be tried summarily before the court, unless the defendant demand a trial by jury."

By section 8065, Id, it is in part provided:

"If a jury is demanded, the case shall be set for trial at the next term of court, and in the meantime the defendant may be admitted to bail for his appearance at that time, upon his executing a recognizance in a sum fixed by the court, conditioned that he will appear at the time to which such action may be continued. Upon the execution and approval of such recognizance, the defendant shall be discharged."

The record in this case shows that, on August 26, 1925, upon arraignment, the defendant entered a plea of "not guilty," and demanded a trial by jury. Bail bond was fixed at $2,000, which defendant on the same date gave, and by the court clerk approved, whereupon he was permitted enlargement. On September 5, 1925, defendant filed his motion to make the complaint more definite and certain, which was by the court heard and overruled on November 3, 1925, at which time the cause was set for trial on November 18, 1925. On November 4, 1925, defendant filed a demurrer to the complaint, which was by the court overruled at the opening of the trial with refusal of time to further plead or answer.

It thus appears that the requisite proceedings leading up to the trial were in conformity to the special controlling provisions of law. The defendant had entered his plea of not guilty and demanded a jury trial, had notice of the fact that the case would be called for trial as fixed, which was at the next term of the court (section 3178, C. O. S. 1921), and that the issue for determination was that of "guilty" or "not guilty." We therefore conclude that in a bastardy action, where the proceedings leading up to the trial have been had in conformity to the provisions of sections 8064 and 8065, supra, though the sufficiency of the complaint by demurrer be challenged and pending and overruled at the opening of the trial, it is not error to refuse time to further plead or answer as in a civil action, and to proceed with the trial, as under section 8064, the issue for determination is that of "guilty" or "not guilty."

For our further consideration of the cause, we transpose the order of the further grounds of complaint, and next consider defendant's challenge of certain instructions of the court, on the ground that the cause was not at issue, a proposition already considered, and that the court erroneously mixed both criminal and civil procedure in such instructions, and thus served to confuse the issue. The gist of these instructions was that the action partook of features of both a criminal and a civil action in that the issue to be determined was that of "guilty" or "not guilty," and that the state must establish the guilt of the defendant by a preponderance of the evidence, otherwise the verdict of the jury must be that of "not guilty." The instructions fairly embodied the law of the case. Section 8064, supra; Powelson v. State, 69 Okla. 72, 169 Pac. 1093.

Defendant further contends that, over his objection, the court permitted the introduction of certain incompetent evidence, which was prejudicial to his rights and prevented a fair and impartial trial. Thereunder, the first and second evidence challenged related to different acts of sexual intercourse between the parties during a period of about two months to about the time of conception, and to a matrimonial engagement of the parties confirmed by a gift of a ring by defendant to the mother.

It is well settled that such evidence is competent to show both the character of the intimacy between the parties, and as tending to establish the fact of paternity by the defendant. Siefker v. State, 128 Okla. 96, 261 Pac. 211; People v. Dupounce, 133 Mich. 1, 94 N. W. 388, 103 A. S. R. 435, 2 Ann. Cas. 246.

Evidence finally complained of hereunder related to declarations by the mother to others, shortly before and after the birth of the child, that the defendant was the father. This brings us to the serious phase of this appeal. Defendant challenges the admission of this evidence as hearsay, and thus incompetent and not admissible. In this class of cases, in the absence of a permissive statutory provision as in this state, it is well settled that declarations of the complainant made by her to others, either before or after the birth of the child, to the effect that the defendant was the father, are incompetent as self-serving and hearsay and inadmissible. In 7 C. J., at page 989, under paragraph 116, adjudicated cases from many states are cited in support of the rule, with a citation from only one state to the contrary. The rule is based on the theory, as expressed in one of the cited cases, that such declarations are not "competent to sustain her credibility (meaning the prosecutrix) as a witness, the purpose for which they seem to have been used; for if her statements under oath are of doubtful credit, they would be no less so without that sanction. Nor could they be strengthened by any number of repetitions." Sidelinger v. Bucklin, 64 Me. 371.

In the cause at bar the defendant denied the offense charged, and offered testimony tending to establish that the complainant was guilty of acts of sexual intercourse with another at about the time of conception. Whether or not the jury treated the incompetent evidence as sufficient to render preponderant complainant's evidence that defendant was guilty, and her denial of sexual intercourse with another as testified to by defendant's witness, we, of course, have no way of so determining as a certainty.

In Ratzlaff v. State, 102 Okla. 263, 229 Pac. 278, a bastardy proceeding. in paragraph 3 of the syllabus, the court said:

"Errors of a trial court clearly appearing, and which, from the record, it appears may have been materially prejudicial, will not ordinarily be excused by an undue extension and application of the doctrine of harmless error merely because it does not affirmatively and clearly appear from the record that a contrary ruling of the lower court would have produced a different verdict or judgment."

Under the principle thus laid down, the error of the court in the admission of the evidence complained of may have been materially prejudicial to the rights of the defendant, preventing that fair and impartial trial guaranteed to him by the fundamental law of the state, and for which error the cause should be reversed.

Accordingly, the judgment of the county court is reversed, and the cause remanded, with directions to grant defendant a new trial.

BENNETT, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 7 C. J. p. 367, §57; p. 987, §110. (4) 7 C. J. p. 989, §§114, 116; 3 R. C. L. p. 762; 6 R. C. L. Supp. p. 197. (5) 7 C. J. p. 999, §138.