## BURNHAM v. STATE et al.

No. 18061. Opinion Filed April 24, 1928.

(Syllabus.)

**Bastards—Bastardy Proceeding—Sufficiency of Complaint.**

In a bastardy proceeding under article 3, chap. 70, C. O. S. 1921, a complaint under oath which shows that affiant is pregnant with a child, which, if born alive, will be a bastard child, that she is a resident of the county in which the complaint is filed, and that defendant is the father of such child, states facts sufficient to constitute a cause of action under such section, and a demurrer thereto on the ground that complaint does not state facts sufficient to charge a crime and that it does not state facts sufficient to confer jurisdiction upon the county court, is without merit and it is not error for the court to overrule same.

Commissioners' Opinion, Division No. 1.

Error from County Court, Lincoln County; S. A. Cordell, Judge.

Proceeding in bastardy before County Court of Lincoln County by June Lindsey against Friend Burnham. Judgment against defendant for $800 payable $25 per quarter to June Lindsey, and defendant appeals. Affirmed.

R. R. Rittenhouse, for plaintiff in error.

The Attorney General, for defendants in error.

BENNETT, C. This was a proceeding in bastardy brought in the county court of Lincoln county, Okla., under article 3, chap. 70, C. O. S. 1921. June Lindsey, on the 19th day of December, 1925, made an affidavit before Mollie B. Powers, a notary public in and for Oklahoma county, Okla., as follows:

"Before me, the undersigned notary public of Oklahoma county, Okla., personally appeared one June Lindsey, on this 19th day of December, 1925, and being by me duly sworn, says, that she is a resident of Lincoln county, Okla.; that she is now pregnant and with child, which, if born alive, will be a bastard child; that she is a single and unmarried person, and was such at all times mentioned herein; that the defendant, Friend Burnham, is the father of her child, and her child is the result of an act of sexual intercourse between the said June Lindsey and the defendant, Friend Burnham."

We will not copy the certificate of the notary, as the same is in nowise made the subject of attack.

Upon filing of this affidavit, a warrant issued, and defendant, Friend Burnham, was arrested by sheriff of Lincoln county on December 21, 1925, and carried before S. A. Cordell, county judge of Lincoln county, and upon arraignment, entered a plea of not guilty and demanded a trial by jury. Defendant was admitted to bail in sum of $750, and cause set for trial November 17, 1926. On November 16, 1926, defendant filed his affidavit for continuance, which affidavit, in substance, was that defendant could not go safely to trial without evidence of Dr. J. W. Adams, who had been duly subpoenaed, but who had left the state, and his whereabouts was unknown to defendant; that if witness were present he would testify in substance that June Lindsey had a conversation with witness, wherein she told him that seven or eight months prior to time of the conversation, she and a girl friend, whose name affiant does not know, were in Oklahoma City, and that they were invited out for a car ride, and during the car ride June Lindsey had intercourse with a young man with whom she was riding, which resulted in her pregnancy; that she had never seen the young man prior to nor since the act of intercourse, and did not know his name; and that the name of Friend Burnham was not mentioned in the conversation. Upon consideration of the affidavit by court on the 17th of November, 1926, the state admitted the truth of the affidavit, and the case was ordered to trial. Defendant, through his counsel, filed a demurrer, without prejudice to trial, and his grounds therefor are: First, that complaint does not state facts sufficient to charge defendant with crime of bastardy; second, that said complaint does not state facts sufficient to charge defendant with a public offense; third, that said complaint does not state facts sufficient to confer jurisdiction upon county court of Lincoln county, Okla. This demurrer was overruled with exceptions to defendant.

Upon trial of cause upon merits, the state introduced June Lindsey, who testified at length to having known and been associated with defendant for three or four years, and with having kept company with him for a considerable part of that time; that he lived about eight miles from witness, and that they had numerous acts of intercourse; that

the child was born December 23, 1925; that she discovered that she was pregnant about middle or last of April, and informed defendant of her condition, and he told her to see Dr. Adams, and to make up some lie to tell him, but not to mention his name in connection with it; and that she told Dr. Adams. He also told witness to inform the doctor of the condition, and that he would get rid of it for the witness; that she went with no other boys or men during months of February, March, April, and May before birth of child, but that she was going with defendant during said period.

Corroborative testimony by the mother and father of prosecuting witness was introduced, but it is not necessary to set same out herein. No evidence was introduced on behalf of defendant. The court charged jury, who later rendered their unanimous verdict finding defendant guilty.

Defendant's motion for new trial was overruled, and it was adjudged that prosecuting witness recover of defendant for support of her bastard child, of whom defendant was adjudged to be the father, the sum of $800 and costs, and that defendant enter into a bond with two good and sufficient sureties for payment of said judgment, which was ordered paid at rate of $25 per quarter, and from which judgment this appeal is taken.

The brief of defendant argues but a single point, to wit: "The trial court erred in overruling defendant's demurrer to the bastardy affidavit or complaint," and since this is the sole question presented, we shall confine ourselves to the same point.

Was the bastardy affidavit or complaint sufficient?

Section 8059, C. O. S. 1921, is as follows:

"When Complaint May be Made. Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing duly verified, by any person. to the county court of the county where such woman resides, stating that fact, and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant."

Defendant claims that:

"The complaint should have alleged with definiteness and certainty the time and place of the acts of sexual intercourse between the complainant and defendant by which the complainant was conceived of the child."

Section 8059, supra, contains no such provision, and we are bound by the plain words of the statute.

Defendant relies upon the case of Ratzlaff v. State, decided September 16, 1924, and reported in 102 Okla. 263, 229 Pac. 278. This case is sufficient authority for the affirmance of the judgment herein. It is true that paragraph 1 of the syllabus uses the following words:

"A bastardy proceeding, under article 3, chap. 70, Comp. Stat. 1921, is a civil action, and the allegations of the initial pleading of the plaintiff must be so definite and certain as to advise the defendant of 'the precise nature of the charge,' so that he may advisedly and intelligently prepare his defense."

This means, as we understand it, that defendant must have clear information with reference to the accusation against him. The charge in the case at bar was that he was the father of this bastard child, which seems to us rather clear in its terms. In the fifth paragraph of the syllabus in the case referred to, the court holds:

"In a complaint in bastardy proceedings, filed under article 3, ch. 70, Comp. Stats. 1921, an allegation that the mother of the child is a resident of the state at the time of the filing of the complaint is sufficient to state a cause of action in this regard, as it is not necessary that she be such resident at the time of conception, during pregnancy, or when she was delivered of the child."

In the opinion, the court holds:

"In the complaint the sole allegation as to the mother's conception of this bastard child is 'that Harrison Ratzlaff is the father of her said child.' The defendant filed a motion to require the complaint to be made more definite and certain so as to allege the time and place where it was claimed that there took place the sexual intercourse between the parties by which the mother was conceived with this child. This motion was overruled, the defendant excepted, and now assigns this ruling as error here."

It was held that lower court erred in not sustaining this motion. There was no motion by defendant to require plaintiff to make the complaint more definite and certain in the case at bar, but simply a demurrer filed after a motion to continue the cause and without prejudice to trial, and upon the sole ground that the complaint was not sufficient. This identical question has been passed upon by our court in the case of Libby v. State, 42 Okla. 603, 142 Pac. 406, wherein the second paragraph of the syllabus is as follows:

"In an action under said section (4401, Rev. Laws 1910), a complaint which shows

under oath that the affiant is the mother of a bastard child, that she is a resident of the county in which the complaint is made, and that the defendant is the father of such child, states facts sufficient to constitute a cause of action under such section."

In last-named case complaining witness made affidavit that she was a resident of Craig county, Okla., and that on the 14th day of April, 1908, she was delivered of a male bastard child likely to be chargeable to the county of Craig for its support, and that one J. W. Libby had gotten her with child, and that he is the father of same. Judge Harrison, rendering the opinion, said:

"This affidavit discloses that she is a resident of Craig county, that she is the mother of the bastard child, and that J. W. Libby is the father of such child; and the affidavit is sworn to. This is all that is required to give the court jurisdiction of the subject-matter, and, though the complaint might have been made fuller and more explicit, yet it avers all the essential facts necessary to constitute a complaint under this statute, and we think the demurrer was properly overruled."

The foregoing case was approved in Ratzlaff Case, relied on by defendant. It is elementary that the right to have pleadings made more definite and certain is waived unless seasonable request therefor is interposed. No relief on this ground was asked by defendant, nor was there any contention that he was taken by surprise; even his application for continuance was based only on the ground of an absent witness, whose testimony was not only admitted formally by the state, but the facts were testified to by complaining witness. The prosecuting witness, in great detail, named the times and places where and when intercourse was had with defendant. No application was made to the court for time for further testimony, or to meet the facts testified to by prosecuting witness. In fact, defendant introduced no proof, and left state's evidence unchallenged, and relied wholly upon his demurrer to complaint, and which contention we now hold is entirely without merit, for which reasons the judgment of the trial court is in all respects affirmed.

TEEHEE, DIFFENDAFFER, JEFFREY, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 7 C. J. p. 977, §83; 3 R. C. L. p. 756.