### CLARK v. STATE.

No. 19377.   Opinion Filed June 10, 1930.

Commissioners' Opinion, Division No. 2.

Mounts & Chamberlin, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for defendant in error.

HERR, C. This is a bastardy proceeding brought against Carl Clark in the county court of Tillman county. The trial was to a jury, resulting in a verdict of guilty. Judgment thereon was rendered against defendant, requiring payment of $200 to the mother of the child to cover expenses incident to childbirth, and, in addition thereto, $10 per month for the support of the child. To reverse the judgment, defendant appeals to this court.

It is assigned as error that the court erred in overruling defendant's motion to make the complaint more definite and certain and erred in overruling his demurrer thereto. Complaint alleges that one Lelah Stout was the mother of the child; that she was a resident of Tillman county; and that defendant was the father of the child. The complaint is sufficient as against a general demurrer. Libby v. State, 42 Okla. 603, 142 Pac. 406; Ratzlaff v. State, 102 Okla. 263, 229 Pac. 278; Maisch v. State, 128 Okla. 226, 262 Pac. 203; Burnham v. State, 130 Okla. 221, 266 Pac. 781; Ratzlaff v. State, 122 Okla. 263, 249 Pac. 934.

We think, however, defendant's motion to make more definite and certain should have been sustained. The motion was that the state be required to set out the time and place at which it is claimed the acts of sexual intercourse, which resulted in pregnancy, took place. In the case of Ratzlaff v. State, 102 Okla. 263, 229 Pac. 278, it was held error to overrule a motion of this character, and in discussing the matter, in the body of the opinion, at page 264, the court says:

"The defendant filed a motion to require the complaint to be made more definite and certain so as to allege the time and place where it was claimed that there took place the sexual intercourse between the parties by which the mother was conceived with this child. This motion was overruled, the defendant excepted, and now assigns this ruling as error here.

"A bastardy proceeding under article 3, ch. 70, Comp. Stat. 1921, is a civil action, and the allegation of the initial pleading of the plaintiff must be so definite and certain as to advise the defendant of 'the precise nature of the charge,' so that he may advisedly and intelligently prepare his defense. See Anderson v. State, 42 Okla. 151, 140 Pac. 1142.

"This requirement is of special importance in a case like this, for when a man is charged with improper relations with a woman and she testifies that he is guilty, it too often appears that the jury, notwithstanding the law and the court's instructions to the contrary, finds him not guilty only when he has established his innocence by affirmative proof beyond a reasonable doubt. * * *

"This error of the lower court deprived the defendant of a substantial right, and from the record it appears same may have been highly prejudicial to his defense."

The next error assigned is that the court erred in excluding evidence offered by defendant tending to prove that the mother of the child had intercourse with others than defendant. We can see no error in this ruling, as the alleged acts, if proved, would not have brought the same within the period of gestation. In 3 R. C. L., at page 763, the rule is thus stated:

"Evidence is admissible to show that the mother had sexual intercourse with other men at about the time the child was begotten, and the mother may be interrogated on this point, but evidence tending to show that she had illicit connections with other men, and interrogatories made with a view to elicit that fact from her, must be confined to a period when in the course of nature it would have been possible for the child to be the result of such intercourse."

Under this authority, there was no error in the ruling.

Other errors are assigned and discussed in the brief of appellant, but, inasmuch as the same are not likely to occur at a retrial, we shall refrain from discussing the same.

For the reason above indicated, the judgment should be reversed, and the cause remanded for a new trial.

BENNETT, HALL, and DIFFENDAFFER, Commissioners, concur. EAGLETON, Commissioner, concurs in result.

By the Court: It is so ordered.