## LILLEY v. STATE.

No. 33885.   March 13, 1951.

*228 P. 2d 1019.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Howard M. McBee, County Atty., Tillman County, Frederick, for defendant in error.

DAVISON, J. This is a bastardy proceeding originating in the county court of Tillman county, Oklahoma. The appeal is from a jury verdict of guilty and a judgment based thereon for $1,000 payable in monthly installments of $25 each. The parties will be referred to as complainant and defendant, as they appeared in the lower court.

The complainant was delivered of a child December 29, 1947, and the attending physician testified that it was begotten within a few days before or after April 6, 1947. The record discloses that, during the last few months of 1946, the complainant and defendant, both living in or near Oklahoma City, were in each other's company much of the time, tentatively planning to be married December 24th. She was 16 years of age, he was 18. The engagement disintegrated because of parental pressure and lack of finances. Thereafter, the parties were together many times but with no regularity, and complainant had dates with some other young men until her removal with her parents to Fletcher, Oklahoma, April 9, 1947. After that date, the parties were together two times when complainant came to Oklahoma City in the following June and August.

The only testimony with reference to sexual intercourse between the complainant and defendant was that of the parties themselves. She testified to many such acts and he, just as strenuously, denied them. Neither was substantially corroborated. One male witness, who was admittedly with complainant as a date numerous times, testified that, on several occasions near the date of conception, he had acts of intercourse with complainant. Another witness testified that the complainant had made the statement to defendant "I'll get you by hook or crook." Both of these witnesses were contradicted by complainant on rebuttal.

The complaint contained the allegation that defendant had sexual intercourse with complainant "on or about the 3rd day of April, 1947; . . .," but did not allege the place of such act. At the time the case was called for trial defendant was permitted to withdraw his plea of not guilty and file a motion to make more definite and certain based upon the county attorney's failure to allege, in the complaint, the place of the act of sexual intercourse. The motion was overruled, as was also the demurrer filed subsequent thereto. An exception was allowed by the court to each of these orders.

Among others, plaintiff in error relies, for reversal, upon the alleged error of the trial court in overruling the motion to make more definite and certain.· The position is well taken. In the case of Ratzlaff v. State, 102 Okla. 263, 229 P. 278, this court said:

"A bastardy proceeding under article 3, c. 70, C. O. S. 1921, is a civil action, and the allegations of the initial pleading of the plaintiff must be so definite and certain as to advise the defendant of 'the precise nature of the charge' so that he may advisedly and intelligently prepare his defense. See Anderson v. State, 42 Okla. 151, 140 P. 1142.

"This requirement is of special importance in a case like this, for when a man is charged with improper relations with a woman, and she testifies that he is guilty, it too often appears that the jury, notwithstanding the law and the court's instructions to the contrary, finds him not guilty only when he has established his innocence by affirmative proof beyond a reasonable doubt.

"The defendant must be permitted to frame the issues and prepare· for trial on the theory that he is not guilty. If the charge be false that he is the father of the child, how can he intelligently procure witnesses to show that he was not present perhaps a year before, at some particular place which the prosecuting witness may, on the witness stand in the trial and for the first time, disclose as the place where she claims the crime was committed? Or, if admittedly present, produce witnesses that no such act occurred? . . .

"This error of the lower court deprived the defendant of a substantial right, and from the record it appears same may have been highly prejudicial to his defense. Errors of a trial court clearly appearing, and which from the record it appears may have been materially injurious, will not ordinarily be excused by an undue extension and application of the doctrine of harmless error, merely because it does not affirmatively and clearly appear from the record that a contrary ruling of the lower court would have produced a different verdict or judgment."

That holding has never been modified and was subsequently relied upon and followed in the case of Clark v. State, 144 Okla. 7, 289 P. 313. This is a sound rule of law in an action wherein a defense is difficult and we do not think the rules of pleading should be relaxed. Our conclusion on this point makes it unnecessary to pass upon the other alleged error.

The judgment is reversed and the cause remanded, with instructions to grant defendant's motion to make more definite and certain.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, CORN, GIBSON, and HALLEY,. JJ., concur. O'NEAL, J., dissents.