**Calvin Delayne McKIDDY, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. 39487.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Bailey & Whitlock, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Robert L. Pendarvis, Co. Atty., Cleveland County, Norman, for defendant in error.

BERRY, Justice.

On January 15, 1960, the mother, hereafter referred to as "complainant", of the illegitimate child executed and verified the complaint that forms the basis of this action. It was alleged therein that on January 15, 1960, complainant was a resident of Cleveland County, Oklahoma; that she was the mother of a child who was then two weeks old; that the child was born out of wedlock; that plaintiff in error, hereafter referred to as "defendant", was the father of the child; that defendant should be required to pay a reasonable sum for the support of the child. The complaint was filed in the trial court January 18, 1960.

The case was tried to a jury October 21, 1960. The jury returned a verdict of guilty. Judgment on the verdict was subsequently rendered against defendant.

From order denying defendant's motion for new trial, which was directed to the mentioned judgment, defendant perfected this appeal.

In support of his petition in error, defendant makes two contentions. First, that the evidence wholly fails to show that complainant was a resident of Cleveland County at the time she executed the complaint. Second, that the evidence wholly fails to show that complainant was unmarried at the time the child was conceived.

The pertinent evidence bearing on defendant's contentions is that he and complainant became engaged in December, 1958; that he gave her an engagement ring; that complainant was then 17 years old; that she was attending high school; that following the engagement, the parties engaged in sexual intercourse; that the child was conceived in April, 1959; that defendant agreed to marry complainant in June, 1959; that defendant concluded in July, 1959, that he probably was not the father of the child and broke the engagement; that from date of engagement to date it was broken, complainant resided with her father and mother on a farm in Cleveland County; that as of date of trial she and her child were residing with her father and mother in said county; that as of date of conception and up to the time she signed the complaint, complainant used and was known by her maiden name; that prior to trial of the case she married; that the child was born in McClain County.

There was no direct evidence that complainant was a resident of Cleveland County at the time this action was instituted or

that she was unmarried as of date of conception of the child.

Defendant cites Anderson v. State, 42 Okl. 151, 140 P. 1142; Cummins v. State, 46 Okl. 51, 148 P. 137; and other cases, as sustaining his contention that residence on part of the complainant in the county in which a bastardy proceeding is instituted is jurisdictional.

■ In Boston v. State ex rel. Mayberry, 182 Okl. 181, 77 P.2d 13, it was stated that "An action brought under section 8059, C.O.S.1921, 10 Okl.St.Ann. § 71, is in the nature of a civil action, and all that is required of the plaintiff is to prove the case by a fair preponderance of the evidence."

■ Was the alleged fact of complainant's residence or domicile in Cleveland County as of date of institution of the instant action proved by a fair preponderance of the evidence? We are of the opinion that the posed question must be answered in the affirmative.

The evidence shows that complainant did not reach her majority until the summer of 1959; that during the school year 1958–59 she was a student in high school; that during her engagement to defendant her father and mother resided in Cleveland County; that during said period she resided with her mother and father; that as of date of trial her father and mother resided in Cleveland County and that she then made her home with them.

■ The domicile of a minor, as a general rule, is that of his father. Hatcher v. Hatcher, 206 Okl. 471, 244 P.2d 580. A domicile once established is presumed to continue until a new one is established. Jones v. Burkett, Okl., 346 P.2d 338, and 17A Am.Jur. "Domicil", Sec. 87 p. 258.

The fact that complainant was married as of date of trial does not tend to refute the presumption and evidence that her domicile as of date this action was filed was in Cleveland County. The evidence shows that complainant did not marry until after the action was filed, and moreover, that

following the marriage she continued to reside with her father and mother in Cleveland County.

■ The factum of complainant's residence on a given date could be established by indirect or circumstantial evidence.

■ As to defendant's remaining contention, we note that in Ratzlaff v. State, 122 Okl. 263, 249 P. 934, it was pointed out that the fact that complaining witness was married does not constitute a defense but does place burden on plaintiff to establish non-access of husband at said time. See also Greenback v. State, 169 Okl. 616, 36 P.2d 882. It would, therefore, appear that allegation in the complaint or proof that the complaining witness was unmarried as of date of conception is not jurisdictional.

The defendant, by becoming engaged to complainant, treated and considered her as being unmarried during the period of the engagement. During this period she, as a minor, lived with her father and mother. At all times up to and including institution of this action, complaining witness used and was known by her maiden name. The evidence in our opinion fairly establishes that complaining witness was unmarried as of date of conception.

In Dubois v. State, 22 Okl.Cr. 308, 210 P. 1043, the defendant who was charged with and convicted of rape, contended that the State failed to sustain the burden cast upon it to show that he and the complaining witness were not husband and wife at time of the alleged rape. In rejecting the contention so made, this was said:

"First, it is alleged that there is no sufficient proof that defendant and prosecutrix were not husband and wife. The proof on this issue is slight. No direct evidence was offered by the state although witnesses were introduced who apparently could have testified from personal knowledge that defendant and prosecutrix were not married to each other. However, in view of the fact that the record discloses that prosecutrix was under the

marriageable age, was going by a different name than that of defendant, had been living with her father up to the time of the alleged commission of the offense, etc., we think the circumstantial evidence on this issue is sufficient. * * *"

This was said at p. 969, Sec. 105, 44 Am. Jur. "Rape", relative to proof of non-marriage:

"* * * Like any other fact, it may be proved by facts and circumstances from which the conclusion may be drawn. It has been said that where it appears that the prosecutrix is the daughter of the defendant, and is a mere schoolgirl, bearing her maiden name and living at a convent apart from the defendant, slight evidence of nonmarriage is sufficient. In a similar case, which was tried apparently on the assumption that the marriage relation did not exist, but it did appear that the victim was a mere schoolgirl bearing her maiden name and living with her parents, it was held that the fact of nonmarriage was clearly established. To the same effect, where it appeared in evidence that the prosecutrix was unmarried after the commission of the offense and that the defendant was married some time after the crime was committed, the fact of nonmarriage of the parties was declared to be established."

The issue concerning complainant's residence and the issue relative to marriage, were, by proper instructions, submitted to the jury, who decided said questions of fact adversely to defendant's contentions. In view of the fact that we are of the conviction that under the evidence the jury was justified in finding as they did, it is not our privilege to overturn the judgment on the verdict.

Affirmed.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.