Ronald E. LEACH, Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. Janice Lee COOPER, Defendant in Error.

No. 40604.

Supreme Court of Oklahoma.

Feb. 2, 1965.

Harold Charney, Owasso, for plaintiff in error.

David Hall, County Atty., by Ted Flanagan, Asst. County Atty., Tulsa, for defendant in error.

PER CURIAM.

This is an appeal from the County Court of Tulsa County in a bastardy proceeding by Ronald E. Leach, defendant therein, from the verdict of the jury finding him guilty of being the father of a bastard child born to Janice Lee Cooper.

On July 27, 1962, Janice Lee Cooper made complaint against the defendant alleging that she was unmarried and a resident of Tulsa County, and "that in February, 1962, this complainant committed acts of sexual intercourse in the plaintiff's home located at 3909 N. Madison, Tulsa, Oklahoma, with the defendant and that on or about the 3rd day of February, 1962, as a result thereof she became pregnant with child and that when said child is born, if born alive, will be a bastard, and that the defendant will be the father of said child."

Thereafter the baby was born alive on November 10, 1962, and trial of the matter was had on March 14, 1963.

The defendant presents his argument for reversal under six propositions of error. All of these propositions involve and question, directly or indirectly, the sufficiency of the evidence to sustain the verdict.

The evidence in support of the verdict, insofar as relative to the defendant's contentions, is that complainant was living with her sister on 36th Street North when she met defendant in September, 1961, and that they went steady from that time. The complainant testified that her first sexual relation with defendant was New Years, January 1, 1962, and that they had sex relations during January, February and March, in her sister's home, in a car, and in her own home at "3909 North Madison" to which she moved at the end of February; that her pregnancy resulted from relations with defendant between February 3rd and 10th, 1962, at her sister's home and in a car; that she dated only the defendant and that she had sex relations with no other man during the months of January, February and March; and that after she told defendant she was pregnant they discussed marriage, and as late as May, 1962, defendant said they would marry.

Defendant testified briefly and stated "to the best of my knowledge" he did not have

intercourse with complainant from February 3 to February 9, and a later statement, in effect, that he had no intercourse with her during that period. Defendant's witnesses testified of several occasions when complainant associated with other men and had opportunity for intercourse, but these individuals denied any such relations with her.

We will group defendant's propositions of error into three divisions for the purpose of disposing of them.

Defendant contends the trial court erred in not sustaining his demurrer to the evidence and in denying his motion for directed verdict. This contention has its basis in the circumstance that the complaint alleged the sexual intercourse causing the pregnancy took place at "3909 N. Madison" on or about February 3, 1962, whereas the testimony is that the pertinent relations occurred in her sister's home on 36th Street and in a car, before complainant had moved to the North Madison street residence. Defendant also urges, as support for his contention, that the trial judge incorporated in his instruction as to circumstances justifying a finding of guilty, that the sexual act causing pregnancy take place at 3909 North Madison.

The record reflects that during the first portion of complainant's testimony the judge excluded from the jury's consideration acts of intercourse performed at places other than the Madison Street address during the early part of February. However, in complainant's later testimony such acts were related without objection or restriction whereby the jury was fully informed of sexual relations within the gestation period.

Defendant argues in support of the above propositions that such testimony constituted a material variance from the allegations of the complaint, in violation of 12 O.S.1961, § 311, which reads as follows:

"No variance between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

The bastardy proceeding was filed and prosecuted pursuant to 10 O.S.1961, § 71 et seq. Sec. 71 states:

"Whenever any woman residing in any county of this State is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing duly verified, by any person to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the State against the accused as defendant."

There is no requirement in the statute that the location where the sexual act took place be stated. In Burnham v. State, 130 Okl. 221, 266 P. 781, this court held that a complaint containing the averments set forth in said Sec. 71, was sufficient to constitute a complaint under this statute without stating the place of the sexual intercourse.

■■ On the authority of the cited case the allegation in the instant complaint that the sexual acts took place at the Madison Street address was not a material allegation in the sense that it was necessary in order to state a cause of action under the statute. In Franks v. Reeder, 101 Okl. 18, 223 P. 126, we quoted with approval as follows:

"'A "variance" is a 'disagreement between the allegation and the proof, in some matter which, in point of law, is essential to the charge or claim.'"

The most that can be said about the situation is that defendant could have been misled in his preparation for trial. However,

defendant's witnesses showed that they had more than a general knowledge regarding the activities of complainant. The defendant was content to deny in somewhat equivocal terms any sex relations with complainant during the period February 3rd to 9th. No application was made for time for further testimony to meet complainant's testimony.

■ In Yellow Cab Company v. Allen, Okl., 377 P.2d 220, we said:

"No variance between the allegations in a pleading and the proof will be deemed material or fatal unless it appear to the satisfaction of the court that it has actually misled the adverse party to his prejudice. The burden rests on the aggrieved litigant to show in what manner he has been misled."

Defendant has failed to show in what manner he was misled.

■ Nor do we think that the trial court's instruction regarding a finding that the relations took place at the Madison Street residence support defendant's contention of error in failing to direct a verdict in his favor. The discrepancy between the complaint and the defendant's testimony as to the place of the acts, in this situation, was only pertinent to the credibility of her testimony.

Defendant makes no objection to the instruction and the question of error therein as a ground for reversal is not involved. Defendant relies on the instruction. As shown above, in Burnham v. State, supra, the statement or proof of the place of the relations is not an element of the complaint or of liability, and a pregnancy caused by defendant at any location would make him the father of the child.

We conclude these contentions are without merit.

■ Defendant also contends that the verdict is not supported by the evidence.

We have heretofore briefly narrated the evidence. In McKiddy v. State, Okl., 366 P.2d 933, it is stated:

"A bastardy proceeding is in nature of a civil proceeding, and plaintiff is required to prove case only by a fair preponderance of the evidence."

■■ The weight and credibility of the evidence and witnesses was for the jury. The evidence is sufficient to sustain the verdict.

Defendant further urges that the trial court erred in admitting testimony as to acts of intercourse not performed within the period of February 3 to 9, 1962.

■ In Siefker v. State, 128 Okl. 96, 261 P. 211, we stated:

"In bastardy proceedings, evidence of acts of sexual intercourse at a reasonable time before conception are admissible as bearing upon the probability of the intercourse at the time of conception. The limit within which these acts are admissible is largely a matter of discretion for the trial court."

See also Maisch v. State, 128 Okl. 226, 262 P. 203.

We cannot say that the trial court abused his discretion in this respect. There is no merit in this contention.

Affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.

The court acknowledges the aid of Supernumerary Judge CLYDE M. FOLLOWELL in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.