## KEITH v. BALDWIN.

No. 12151—Opinion Filed Oct. 23, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

1. **Brokers—Right to Commission from Purchaser—Validity of Oral Agreement.**

Plaintiff was employed by the owner of real estate to procure a purchaser therefor and was to receive a reasonable compensation for his services. The plaintiff thereupon entered into negotiations with defendant for the sale of the land, but the defend-

ant would not agree to purchase the land on the terms submitted by the owner, but submitted to the owner, through the plaintiff, a counter proposition. Thereafter the owner, the broker, and the defendant agreed that the owner would sell the land on the terms submitted by the defendant and that the defendant would pay the broker the sum of $500 in full for his commission. Held, the agreement was an original obligation of the defendant under section 5127, Comp. Stat. 1921, and was not required to be in writing.

2. **Same—Refusal to Buy—Necessity for Tendering Deed.**

Under the facts as detailed in the above paragraph, where the broker furnished to the defendant a seller of the land who was ready, willing, and able to convey the land to the defendant on the terms and conditions proposed by the defendant, and the transaction was not completed because of the refusal of the defendant to comply with his contract, the broker was not required to procure or tender to the defendant a deed to the property in order to entitle him to recover his commission.

3. **Appeal and Error—Necessity for Objections Below— Insufficiency of Evidence.**

In a law action tried to a jury, this court will not consider an assignment that the judgment is not sustained by the evidence unless the insufficiency of the evidence was presented to the trial court by a demurrer to the evidence or in some other manner.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by G. W. Baldwin against J. S. Keith. Judgment for plaintiff, and defendant brings error. Affirmed.

D. K. Cunningham, for plaintiff in error.

John T. Bradley, for defendant in error.

COCHRAN, J. This action was brought by defendant in error against plaintiff in error to recover the sum of $500 alleged to be due to plaintiff in error as a real estate broker. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant filed a demurrer to plaintiff's petition, which was overruled by the trial court, and, defendant electing to stand on his demurrer, judgment was rendered against him, from which the defendant has appealed. The petition alleged, in substance, that J. L. Fisher, as owner of certain land in Canadian county, employed the plaintiff to procure a purchaser for said lands at a fixed price, agreeing to pay to the broker a reasonable compensation for his services. The plaintiff thereupon entered into negotiations with defendant, looking to the sale of the land to the defend-

ant, but the defendant would not agree to purchase the land on the terms fixed by the owner, but submitted to the owner of the land, through the plaintiff, a counter proposition. Thereafter the owner and plaintiff and defendant agreed that the defendant would purchase the land on the terms submitted by the defendant and that the defendant would pay the plaintiff in full for his commission on said transaction the sum of $500. The petition further alleged that the owner of the land has at all times since the agreement was entered into been ready, willing, and able to convey. the lands to the defendant according to the terms of the agreement, but the defendant has refused to purchase the land and has refused to pay the $500 due plaintiff as commission on said transaction.

The defendant contends that the agreement for the payment of the commission is not enforceable, because the same is an agreement to answer for the debt of another, to wit, the owner of the land, in the payment of the commission; that it is, therefore, unenforceable, because the contract was not in writing as provided by section 941, Rev. Laws 1910; that if the agreement is to be considered as an original agreement on the part of the defendant to pay the commission, it is without consideration. It is our opinion that under the facts above stated the agreement made by the defendant was not an agreement to answer for the debt of the owner of the land, but was a new and independent promise on the part of the defendant to pay this commission and is not within the statute of fraud. Section 5127, Comp. Stat. 1921, provides:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: * * * Where the creditor parts with value, or enters into an obligation, in consideration of the obligation in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor. * * * Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor; or upon the consideration that the party receiving it releases the property of another from a levy or his person from imprisonment under an execution on a judgment obtained upon the antecedent obligation; or upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person."

In the instant case, the commission of the plaintiff stood between the purchaser and the seller as to the sale of the land, and, in order to make the deal, the plaintiff agreed to accpt in full for his commission, in lieu of the reasonable consideration that the owner of the land had agreed to pay him, the sum of $500 to be paid by the defendant. This promise was beneficial to the defendant and was a sufficient consideration to support the contract made by the defendant.

It is next contended that the petition did not state a cause of action, because it did not allege that any written contract for the purchase of the land by the defendant was ever tendered to the owner of the land and no written deed executed by the owner of the land was ever tendered to the defendant. The petition did plead that the owner of the land was at all times ready, willing, and able to perform his part of the contract and convey the land, and the transaction was not consummated because of the refusal of the defendant to purchase the lands. When the plaintiff furnished to the defendant a seller of the land who was ready, willing, and able to convey the land to Keith on the terms and conditions proposed by the defendant, and the transaction was not completed because of the refusal of the defendant to comply with his contract, the plaintiff was not required to procure or tender to the defendant a deed to the property in order to entitle him to recover his commission. Thornburgh v. Haun, 79 Okla. 103, 190 Pac. 1083; Strickland v. Palmer, 70 Oklahoma, 172 Pac. 932.

It is next contended by the defendant that the judgment is not sustained by the evidence. No motion for directed verdict or demurrer to the evidence on the ground of insufficiency thereof was presented to the trial court and the sufficiency of the evidence was not presented to the trial court in any way, the defendant being content to stand upon the objections made to the sufficiency of the petition. In these circumstances this court will not review the sufficiency of the evidence to support the judgment.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.