**GREER INVESTMENT CO. v. HOOVER et al.**

No. 21662. Opinion Filed April 11, 1933.

Charles B. Rogers and Woodward & Westhafer, for plaintiff in error.

Stanley D. Campbell and R. J. Roberts, for defendants in error.

RILEY, C. J. This action was commenced in the court of common pleas by defendants in error, herein referred to as plaintiffs, against plaintiff in error, herein referred to as defendant, to recover the sum of $1,250 claimed by plaintiffs as their commission as brokers in procuring the sale, or a contract to sell to defendant, the oil and gas rights in certain land.

The petition of plaintiffs alleged, in substance, that on or about February 1, 1927, plaintiffs, as brokers, agreed to deliver to defendant a royalty deed conveying good and sufficient title to an undivided 1/24 interest in and to the oil, gas, and other minerals in and under 120 acres of land described in the petition, subject to an outstanding oil and gas lease on said land owned by a third party, and:

"That said defendant verbally agreed to purchase said royalty interest in and to said lands at and for a consideration of $16,250, for the purchase price to the owners of said royalty interest, and for the further consideration of $1,250, which said defendant then and there agreed to pay these plaintiffs as their commission on said sale; under the terms of said agreement, defendant agreed to pay the full purchase price for said royalty, together with said sum of $1,250 as commission to these plaintiffs within five days after delivery to the defendant at the Producers National Bank of Tulsa of a conveyance of said royalty interest from the owners thereof, accompanied by abstract of title showing title thereto in said grantors."

The petition further alleged that on February 2, 1927, defendant delivered to plaintiffs a memorandum letter confirming the purchase, a copy of the letter being

attached to 'the petition as a part thereof, as follows:

"Following our telephone conversation this afternoon in which you offer five acres out of the N½-SW¼ & SE-NW-13-8-6 at $3,250 per acre.

"We will take this subject to good title to be shown in abstract brought down to date.

"Give us five days on this draft after receipt of the abstract to give our attorney time to examine it.

"Please send this to the Producers National Bank with draft attached on me for the amount. Papers are enclosed herein for this transfer.

"We make these out in triplicate so we will have one to send the county clerk, one to send to the pipe line company if they get oil, and one for our files.

"You will notice we have marked them in triplicate and duplicate in red ink.

"Please telephone us at 9950 Tulsa when you put these papers in the bank and tell us about when the abstract will be ready."

The petition then alleged compliance with the agreement on the part of plaintiffs, and full performance by them, and the refusal of defendant to accept and pay for the deed and the $1,250 commission claimed by plaintiffs.

Defendant did not file any motion to make the petition more definite and certain, and did not specifically demur thereto, but filed its answer.

Paragraph 1 of the answer is as follows:

"That said petition does not state facts sufficient to constitute a valid cause of action against this defendant, nor sufficient facts to entitle the plaintiff to the judgment prayed for."

Subsequent paragraphs were in the nature of general and special denials of the allegations of the petition.

Plaintiffs replied by general denial.

A jury was waived and the cause came on for trial before the court. The court apparently treated paragraph 1 of the answer as a general demurrer and entered an order overruling same.

Defendant then objected to the introduction of any evidence upon the ground that the petition did not state a cause of action. In the discussion of the question in open court, the only specific objection to the sufficiency of the petition urged by defendant was that it failed to allege that plaintiffs were not claiming and did not have an agreement for a commission from the sellers.

Trial was then had, resulting in a judgment for plaintiffs for the amount claimed.

Defendant now asserts and earnestly contends that the trial court erred in overruling defendant's demurrer in its answer; that plaintiffs' petition was insufficient to constitute a cause of action, and that error was committed in overruling defendant's objection to the introduction of evidence because of insufficiency of the petition.

Indulging all legal intendments in favor of the petition, if it states a cause of action, however imperfectly, the contention cannot be sustained.

In State Exchange Bank v. Nat. Bank of Commerce, 70 Okla. 234, 174 P. 796, it is held:

"A pleading containing a general denial, and also matter in the nature of a general demurrer, will be treated as an answer, and the demurrer will be considered as waived; and, if the pleading attacked by fair legal intendment states a cause of action though defectively stated, an objection to the introduction of testimony will be overruled."

After the demurrer contained in the answer of defendant was overruled, defendant objected to the introduction of any evidence upon the ground that the petition failed to state a cause of action, and renewed this objection when the first witness was called to testify.

This court has repeatedly held that an objection to the introduction of any evidence under a petition is good only when there is a total failure to allege in the petition some matter essential to the relief sought, and is not good when the allegations are simply incomplete, containing indefinite statements or conclusions of law. First Nat. Bank v. Cochran, 17 Okla. 538, 87 P. 855; First Nat. Bank of Tecumseh v. Harkey, 63 Okla. 163, 163 P. 273; McKee v. Jolly, 72 Okla. 37, 178 P. 656; Carr v. Seigler, 52 Okla. 485, 153 P. 141.

In the instant case the petition is defective in that it does not particularly allege a distinct or separate agreement by defendant to pay a commission, and the averments with reference to the alleged agreement to pay a commission are so connected with the allegations with reference to the agreement to purchase the one-twenty-fourth interest in the oil, gas, and other minerals in this land as to make it appear

at first glance that only the one contract is relied upon and that one is the contract to purchase. However, giving the petition that liberal construction to which it is entitled, and in the absence of a motion to make more definite and certain, we are not willing to say that there is a total failure to allege some matter essential to the relief sought. It will be observed that the petition alleges that defendant agreed to pay the full purchase price, which was $16,250, together with said sum of $1,250 as commission to these plaintiffs. From the petition as a whole it appears fairly clear that plaintiffs were suing under an alleged agreement to pay them a commission over and above the purchase price mentioned in the letter of acceptance, a copy of which was attached to the petition.

Had defendant moved the court to require plaintiffs to make their petition more definite and certain in this particular, doubtless the motion would have been sustained.

Defendant contends that the petition pleads one and only one entire contract or agreement, and considered as a whole, including the exhibit, but one agreement to purchase is pleaded, and that is an agreement to purchase at a price of $3,250 per acre, or a total of $16,250. It is contended plaintiffs attempt to add thereto the additional sum of $1,250 as and for their commission, and that thereby the total is raised to $17,500; that there is no agreement or memorandum in writing signed by defendant, so that their claim is based upon an alleged contract or agreement coming within the statute of frauds, and therefore their petition does not state a cause of action.

As stated before, the petition is indefinite and uncertain as to the agreement to pay a commission, but when liberally construed, as it must be under the state of the record, an agreement to pay a commission in addition to the purchase price mentioned in the principal contract is pleaded.

An agreement to pay a commission need not be writing. Pliler v. Thompson, 84 Okla. 200, 202 P. 1016; Keith v. Baldwin, 96 Okla. 193, 221 P. 419.

The statute of frauds has no application in so far as plaintiffs' claim for commission is concerned.

The evidence abundantly supports the findings and judgment of the trial court, and said judgment is hereby affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.