## GREENBACK v. STATE.

No. 22701. Oct. 16, 1934.

Rehearing Denied Dec. 4, 1934.

Commons & Chandler, for plaintiff in error.

Perry Porter, Co. Atty., for defendant in error.

PER CURIAM. This is a proceeding in bastardy, prosecuted in the county court of Ottawa county, Okla.; a trial by jury was had, which resulted in a verdict of guilty, upon which the court pronounced judgment, and from such proceedings the plaintiff in error has prosecuted this appeal. The complaint filed in said cause is as follows:

"In the County Court in and for Ottawa County, Oklahoma.

"The State of Oklahoma, Plaintiff, v. Alphonso Greenback, Defendant.

"In the name and by the authority of the State of Oklahoma:

"Now comes, Perry Porter, the duly qualified and acting county attorney in and for Ottawa county, state of Oklahoma, and gives the county court of said county and state to know and be informed that on or about the 13th day of August, 1930, Eskall Stewart, who is a single woman and a resident of Ottawa county, Okla., did give birth to a baby boy and that the said Alphonso Greenback begat and is the father of said child; all of which resulted from the act or acts of sexual intercourse theretofore either in October or November, 1929, by and between the complainant and defendant, and which said act of sexual intercourse were by the said parties had at the old Olivia Hotel, now Arlington Hotel, in the City of Miami, Ottawa county, Okla.

"(Signed) Perry Porter, County Attorney."

This complaint is sworn to by Eskall Stewart.

Plaintiff in error contends that the court erred in overruling objections to the introduction of any evidence on the ground and for the reason that the complaint did not state a cause of action; this contention is apparently summarized in the suggestion that the complainant in such complaint nowhere alleges that the baby born to Eskall Stewart was a bastard. Section 8059, C. O. S. 1921 (1718, O. S. 1931), provides:

"Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing, duly verified by any person, to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof.

"The proceedings shall be entered in the name of the state against the accused as defendant."

It will be noted that the word "bastard" does not appear in the amended complaint. This court in numerous cases has held that an action against the father of an illegitimate child or bastard is in the nature of a special proceeding to be tried as a civil action, and is governed by pleadings and procedure prescribed by the statute on Procedure Civil. Halton v. State ex rel., 99 Okla. 92, 225 P. 894, and cases cited. And this court, in Ratzlaff v. State, 102 Okla. 265, 229 P. 278, said:

"A bastardy proceeding under art. 3, ch. 70, Compiled Statutes 1921, is a 'civil action, and the allegations of the initial pleadings of the plaintiff must be so definite and certain as to advise the defendant of 'the precise nature of the charge' so that he may advisedly and intelligently prepare his defense."

And in commenting upon this section in Burnham v. State, 130 Okla. 221, 266 P. 781, the court said:

"This means, as we understand it, that defendant must have clear information with reference to the accusation against him."

Objections and exceptions to the complaint were raised by objections to the introduction of evidence; no motion to make more definite and certain or demurrer having been filed against the amended complaint. This court, in Greer Inv. Co. v. Hoover, 163 Okla. 83, 21 P. (2d) 13, held:

"If petition, by fair intendment, states cause of action, though defectively, objection to introduction of evidence will be overruled."

And the court in the same opinion says that an objection to the introduction of any evidence under a petition is good only when there is a total failure to allege in the petition some matter essential to the relief sought, and is not good when the allegations are simply incomplete, containing indefinite statements or conclusions of law.

It is true that the word "bastard" does not appear in the amended complaint, but the amended complaint specifically alleges the residence of the mother and the delivery of the child; that said mother was a single woman, and that the plaintiff in error was the father of the child. While the allegations that "said child was a bastard" could have been easily inserted, we do not perceive how the plaintiff in error has been injured by such omission in view of the other allegations in the complaint. The record fully dis-

618

closes that the complaining witness was not married either at the time of the alleged acts of sexual intercourse or at the birth of the child, but even if she had been married, as was stated in Ratzlaff v. State, supra, "She would have had the burden of establishing nonaccess of the husband in order to overcome the presumption of legitimacy of the child."

The requirements for a petition as defined in section 265, C. O. S. 1921 (198, O. S. 1931), are:

"A statement of the facts constituting the cause of action in ordinary and concise language and without repetition"

—and we are of the opinion that the complaint in this instance, having described the mother as a single woman, a resident of Ottawa county, Okla., with the allegations that she had given birth to a child and that the plaintiff in error was the father of such child, in the absence of proper motion or demurrer, is sufficient to justify the action of the court in overruling the objections of plaintiff in error to the introduction of any evidence.

Objection was made to certain observations by the court, and to the form of certain instructions given. No good purpose can be served in repeating these observations here, or in setting out such instructions, but we have carefully examined the challenged observations of the court and the instructions as given by the court, and we are convinced that the alleged observations of the court in no wise affected the substantial rights of the plaintiff in error or constituted a substantial violation of a constitutional or statutory right, and that, under the terms and provisions of section 2822, C. O. S. 1921 (3206, O. S. 1931), this court is without authority to reverse this cause by reason of the statements complained of. And an examination of the instructions of the court to the jury convinces us that the issues and the defense of the plaintiff in error were fairly presented to the jury.

In so far as the contention that the evidence is insufficient to support the verdict of the jury, we call attention to the frequent holdings of this court that proceedings of this nature are in the nature of a civil action, and that the law only requires the issues to be supported by a fair preponderance of the evidence. Moore v. State, 125 Okla. 263, 257 P. 1100, and we are of the opinion that the evidence fully meets the requirements of the law. As we find no er-

ror affecting the substantial rights of the defendant below, plaintiff in error herein. the case should be and is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank M. Bailey, J. D. Carmichael, and D. M. Cavaness in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bailey, and approved by Mr. Carmichael and Mr. Cavaness, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.