# LANK *v.* STATE

[No. 179, September Term, 1958.]

*Decided March 20, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and DIGGES, JR., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*Lee W. Bolte* and *John L. Sanford, Jr.,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Hamilton P. Fox, Jr., State's Attorney for Wicomico County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

Jarrell Lank (the defendant) was indicted in the Circuit Court for Wicomico County on a charge of bastardy. When the State moved to amend the indictment the defendant moved to dismiss it. The trial court granted the motion to amend and overruled the motion to dismiss, whereupon the defendant pleaded not guilty. At the trial of the issue by a jury the defendant was convicted, and, from the judgment and sentence entered on the verdict, he has appealed.

There is no dispute as to the facts and the sole question is whether the indictment was defective and, if so, whether the defect involved a matter of substance [precluding amendment except by the grand jury], or a matter of form [permitting amendment before trial]. See *Gray v. State,* 216 Md. 410, 140 A. 2d 643 (1958).

The pertinent parts of the indictment as returned by the grand jury, and as amended by interlineation, read:

"The Grand Jurors * * * do on their oath present that [J]arrell Lank * * * on or about the 15th day of November, 1957, * * * did commit fornication with Sylvia Timmons [*and a bastard child upon the body of Sylvia Timmons*] then and there did beget, of which child the said Sylvia Timmons was afterward, to wit: on the 15th day of August, 1958, * * * delivered, and which child was then and there born alive and is still living * * *."

The misnomer of the given name of the defendant was cured, pursuant to the provisions of Code (1957), Art. 27, § 603, without objection, by inserting "Jarrell" in the place of "Darrell" erroneously set forth in the indictment. The italicized phrase within the brackets constitutes the amendment allowed by the trial court on the motion of the State.

The State, claiming that the amendment was a mere matter of form, contends that the granting thereof was proper. The defendant, claiming that the amendment concerned a matter of substance, moved to dismiss the indictment pursuant to the provisions of Maryland Rule 725 a, b 2, contend-

ing that the indictment was fatally defective. As to what constitutes substance and what is merely formal in an indictment, it may be said that all facts which must be proved to make the act complained of a crime are matters of substance, and that all else—including the order of arrangement and precise words, unless they alone will convey the proper meaning—is formal. 27 Am. Jur., *Indictments and Informations,* § 117.

Since a prosecution for bastardy, although civil in purpose, is a criminal proceeding in Maryland it is subject to the same constitutional guarantees as affect and control the trial of other criminal cases. *Kisner v. State,* 209 Md. 524, 122 A. 2d 102 (1956); *Leister v. State,* 136 Md. 518, 111 A. 78 (1920). Cf. *Fiege v. Boehm,* 210 Md. 352, 123 A. 2d 316 (1956). Thus, every defendant in a bastardy proceeding has a right to be "informed of the accusation against him." Article 21 of the Declaration of Rights. It has been stated that the purpose of a criminal charge—be it a state warrant, an information or an indictment—is twofold, that is, the charge must so characterize the crime and describe the particular offense "as to put the accused on notice of what he is called upon to defend and to prevent a future prosecution for the same offense." *Gray v. State, supra,* The real question then, is whether the indictment in this case met that test before it was amended. We believe it did. As was pointed out in *State v. Wheatley,* 192 Md. 44, 63 A. 2d 644 (1949), modern courts disregard extremely technical rules and require only that an indictment shall fully allege the essential elements of the offense charged. See also *Shelton v. State,* 198 Md. 405, 84 A. 2d 76 (1951).

The defendant points out—and the State did not disagree—that the essential elements of bastardy are: (i) that the putative father and the mother committed unlawful sexual intercourse together; (ii) that as a result of such intercourse a child was begotten on the body of the mother; and (iii) that the child so begotten was born alive and is still living. The State asserts that all three of these elements are present in the indictment. On the other hand, the defendant insists that the indictment is defective (a) because it failed to allege that

the fornication was unlawful; (b) because it failed to charge that the alleged fornication resulted in the begetting of a child on the body of the prosecutrix; and (c) because it failed to allege that the subsequently born child was a bastard.

It is conceded by both parties that the indictment complied with the *third* essential element in that it alleges that the "child was then and there born alive and is still living." Since the indictment states that the defendant "did commit fornication with" the prosecutrix, it appears that the *first* essential element was adequately set forth. As was stated in *Sheay v. State,* 74 Md. 52, 21 A. 607 (1891), the offense the law punishes is *fornication,* which means "unlawful sexual intercourse." The more important question in this case— the subject of the *second* essential element—is whether the indictment sufficiently alleges that a child was begotten on the body of the prosecutrix as a result of the unlawful sexual intercourse. We think it does. It is true, of course, that the imperfectly worded indictment alleges only that the commission of fornication "then and there did beget" a child, but that was enough despite its imperfections and lack of expert draftsmanship. The effect of this allegation, when read with other parts of the indictment, was to charge that the *unlawful sexual intercourse* resulted "in begetting a child" [*Sheay v. State, supra,*] of which child the prosecutrix was afterwards delivered, which, it is evident, fully satisfies the requirements of the second essential element.

The omission of the term "bastard" from the indictment did not constitute a fatal defect. While its inclusion therein would have been proper, and even desirable, it was not absolutely necessary. In this case the defendant was charged with having committed fornication with a person obviously not his wife and with begetting a child of which she was afterward delivered. The indictment alleges that the prosecuting witness had a surname different from that of the putative father at the birth of the child, as was the case when the child was alleged to have been begotten. That was sufficient to charge that the child which resulted from the unlawful sexual intercourse *is* in law a bastard, *i. e.,* a child born out

of wedlock. Cf. *Greenback v. State,* 169 Okla. 616, 36 P. 2d 882 (1934).

That which was omitted from the indictment did not involve a matter of substance, and the lack of expert draftsmanship did not make the indictment invalid. Since the omitted phrase, although proper and desirable, was not necessary to validate the indictment, the amendment allowed by the trial court was not improper. See *State v. Wheatley, supra,* at p. 51.

For the reasons assigned the judgment will be affirmed.

> *Judgment affirmed, the appellant*
> *to pay the costs.*