## NICHOLSON *v.* STATE

[No. 188, September Term, 1963.]

392

*Decided January 29, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*William Carruth* for appellant.

*Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *David W. Mason, Assistant State's Attorney,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

In an effort to set aside his conviction of arson the appellant challenges the sufficiency of the evidence, claiming that the corpus delicti was not established and that identification of him as the probable arsonist was unreliable to the point of being illusory. We find the record ample to support the persuasion of the trial court, sitting without a jury, that the appellant was guilty as charged of arson.

An empty dwelling in Baltimore in process of renovation, the entrances to which had been nailed shut, was discovered in flames. A member of the City Fire Department for nineteen years with more than seven years' experience in the Investigation Bureau (he had investigated four or five hundred fires a year to determine if they had been accidental or set) testified that the fire here involved necessarily was of incendiary origin because the gas and electricity in the house had been shut off, a door had been forced, a five-gallon can designed to transport gasoline, in which there had been a petroleum liquid, had been found on the premises, and the char and depth of the fire in certain areas of the second floor, where the fire started, indicated that flammable liquid had been poured on the floor to help

start the fire and maintain its intensity. There can hardly be serious doubt that the trier of fact could readily find that the corpus delicti was proven satisfactorily. *McDowell v. State,* 231 Md. 205, 207. *Cf. Bollinger v. State,* 208 Md. 298.

A resident of a nearby house, who was visiting his mother-in-law who lived in a house separated from the burned premises by one building lot—thirty-five to forty feet—happened to look through a window and see the appellant leaving the house which burned (about forty-five minutes later), carrying a can of the exact type found by the fire investigator on his second trip to the house the day after the fire. It was dusk and the natural light which remained was supplemented by a bright street light. The witness had known the appellant for about six years. Several days after the fire the witness told the owner of the property what he had seen and thereafter was questioned by the police and asked if any of the individuals whose photographs he was shown was the person he had seen leaving the burned building. He picked out the appellant and at the trial identified him positively and without reservation in various answers.

The appellant argues that because at one point in his testimony, in answer to a leading question, the witness agreed that he could not have been positive that appellant was the man he saw, his identification should have been disregarded. There are several answers to the contention. In context, the answer could well have been taken as an agreement with suggestions by questioning counsel that many individuals have similar features and that a mistake in identification is always a possibility. Next, immediately after the answer the appellant relies on, the witness said, as he had said several times before, that he knew the man he saw through the window coming from the house which later burned, with a can in his hand, that the man was the appellant, and that the witness had no doubt of the man's identity.

The trial judge said the testimony of the witness might have been shaken by the answer on which appellant relies, but that he found "that he was an unusually strong witness." We think the court's acceptance of the "clear meaning of his testimony as a whole" was justified and that he was not required to seg-

regate and accept as decisive one isolated answer "which may be supposed to vary from the general idea sought to be conveyed," as was said in *U. Rwys. & E. Co. of Balto. v. Mantik,* 127 Md. 197, 202.

*Judgment affirmed.*