## GOODMAN *v.* STATE

[No. 21, September Term, 1964.]

258

 

*Decided October 13, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Alexander Yankelove* for appellant.

*Mathias J. DiVito, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *F. Edward Wheeler, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Judge Grady found the appellant guilty of bastardy in three cases and, in each case, imposed a two-year sentence, suspended the sentence, and placed the father on probation to support the child. The appeal is based on claims that the evidence of non-access by the husband of the mother of the three children was insufficient to permit her to show that the appellant was the father, that the evidence erroneously admitted was insufficient to support a finding that he was, that limitations barred prosecution as to the oldest child, born in February 1959, that the court erred in permitting amendment of the information charging bastardy as to the second child born in December 1960 (the change being in the date of conception), and, finally, that there was a failure of proof that the mother and the appellant had sexual intercourse late enough for the appellant to have been the father of the youngest child, born in May 1962, under the laws of nature.

The parties agree that the law of Maryland in effect when the cases now being considered were instituted and tried [1] was: (a) that when a child is born to a married woman the presumption is that the husband is the father, but the presumption may be rebutted by proper evidence; (b) that neither the wife nor the husband can testify to non-access at critical dates and neither they nor the paramour can give testimony that will bastardize the child, until non-access be shown by other testimony; (c) if non-access is so shown, either husband or wife can testify to any other relevant facts, even though the child thereby be bastardized, such as intercourse of the wife with another man and the identity of the father; and (d) that the proof need not be of impossibility of access but only testimony so clear, satisfactory and convincing as to convince the trier of fact that the husband did not have intercourse with his wife at a time when conception of the child in question would have been possible. See *Clark v. State,* 208 Md. 316, and cases cited.

The disagreement of the parties is as to whether the proof here met the standards of the applicable law. We think it did. The three older of the six legitimate children who had been born to the mother of the bastards and her husband, ranging in age from sixteen to twenty years of age, testified that their father had left Baltimore in 1954 (apparently to avoid service of a warrant for non-support) and gone to New York where he had lived until 1959. He had then moved to Newark, New Jersey, where he had lived since, with another woman. None of the three children had seen their father, the husband, in Baltimore since he left in 1954 and there was nothing to show he had ever even visited here. Husband and wife had not met since 1954 except once when the appellant drove the mother up to New Jersey (the appellant had relatives there) to celebrate the birthday of their oldest child (who is not one of the three involved in these cases). At that time the mother visited the sister of her husband and was with her husband in the sister's home for several hours. This meeting occurred at a time

1. Code (1964 Supp.), Art. 16, Secs. 66 and 66A to 66P, enacted as Ch. 722 of the Laws of 1963, control paternity proceedings instituted after June 1, 1963.

in 1959 such that the husband could not have been the father of the oldest child here involved, born in February 1959, or the second such child, born in December 1960. The appellant says since there admittedly was a 1959 meeting of husband and wife, it would have been possible (and, apparently, therefore likely) that the husband had visited the mother in Baltimore or that she had visited him in Newark at times when he could have been the father of the children here involved. As has been noted, possibility is not the test but rather whether the trier of fact is satisfied, as he permissibly was here, by clear and convincing testimony that there was no access at the critical time.

The appellant's claim of insufficiency of the evidence cannot stand in the face of the record. There was testimony by the mother that the appellant was the father of the three bastards here involved (admittedly he was of the oldest), and that she had not had relations with any other man, as well as that he had given money for the support of the children. The three legitimate children testified as to the frequent presence of the appellant in the mother's home and said he treated their three half siblings as a father would treat a child.

The amendment of the information would seem to have been of a kind the trial court properly could have permitted. *Lank v. State,* 219 Md. 433.

The defense of limitations must fail because the testimony permitted a finding that the appellant had contributed to the support of the children within the statutory two-year period.

Appellant's claim that the mother's testimony demonstrated that no intercourse occurred late enough to have allowed a finding that he was the father of the youngest child is a reed that does not support him. One statement she made on the stand could have been so interpreted, but her testimony as a whole, coupled with the other testimony, clearly was sufficient for the court to have found as he did. *Nicholson v. State,* 233 Md. 391.

The appellant was allowed by the trial court to appeal as a "semi-indigent"—that is, upon payment of half the costs. We shall follow the finding of the trial court on this point.

> *Judgments affirmed, appellant to pay half the costs.*