## COOPER *v.* STATE

[No. 246, September Term, 1964.]

*Decided April 1, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Calvin A. Douglass,* with whom was *Donald G. Murray* on the brief, for the appellant.

*Herbert L. Cohen, Special Attorney,* with whom were *Thomas B. Finan, Attorney General,* and *Wade D. Ward, State's Attorney for Somerset County,* on the brief, for the appellee.

PER CURIAM.

Judge Duer, sitting without a jury, on two charges of bastardy, concluded that he had no doubt that the appellant was the father of two children born to a married woman who was separated from her husband. The cases were filed in 1961, and the law which was in effect prior to the effective date of June

1, 1963, of Ch. 722 of the Laws of 1963 (Code (1964 Supp.), Art. 16, Secs. 66 and 66A to 66P), controls.

The appellant claims that Judge Duer erred: (1) in accepting the testimony of the mother of the prosecutrix (a) that her daughter had lived with her since the daughter separated from her husband in 1957, and (b) that the husband lived in another state and had not been near the daughter, his wife, but once since 1957 (in 1963 after the birth of the children), as clear, satisfactory and convincing proof of non-access which would serve to permit the prosecutrix to testify, as she did, also to non-access by her husband, and as to the paternity of the children; and (2) in finding the evidence as a whole sufficient to justify a verdict that the appellant was the father of the bastards.

The testimony here was quite like that in *Goodman v. State,* 236 Md. 257, in which we held that the trial court was justified in finding from independent family testimony that the separated husband (who also lived in another state) could not have been the father of the bastards, and thereafter in accepting the testimony of the prosecutrix that the accused was the father. The testimony in the case before us of the mother of the prosecutrix as to non-access by her son-in-law met the necessary standards enumerated in *Goodman* and the cases therein cited and the testimony of the prosecutrix clearly was specific and detailed enough to permit Judge Duer properly and fairly to reach the conclusion he reached.

*Judgment affirmed, with costs.*