## STATE OF MARYLAND *v.* CHARLES THOMAS DODD AND CHARLES ABRAHAM BAKER, III

[No. 160, September Term, 1973.]

*Per Curiam Order May 17, 1973.*

*Opinion Filed May 30, 1973.*

694

## PER CURIAM ORDER

For reasons to be stated in an opinion to be filed later, it is this 17th day of May, 1973, by the Court of Special Appeals of Maryland, ORDERED that the order of the Circuit Court for Howard County of 4 May 1973 dismissing the charges against Charles Thomas Dodd and Charles Abraham Baker, III be, and it is hereby, reversed, and the cases remanded for further proceedings.

The mandate shall issue forthwith. Costs to be paid by Howard County.*

The cause was argued before ORTH, C. J., and MORTON, THOMPSON, POWERS and GILBERT, JJ.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, David B. Allen* and *Harry A. E. Taylor, Assistant Attorneys General,* and *Richard J. Kinlein, State's Attorney for Howard County,* on the brief, for appellant.

---

* Note: *Certiorari* denied Charles A. Baker, III, Court of Appeals of Maryland, July 3, 1973.

*Howard Muhl* and *Alfred J. O'Ferrall, III, Deputy Public Defender for Maryland,* for appellees.

ORTH, C. J., delivered the opinion of the Court.

By order of 11 May 1973 we required by certiorari two cases in the Circuit Court for Howard County, State v. Charles Abraham Baker, III, Criminal No. 5784, and State v. Charles Thomas Dodd, Criminal No. 5822, to be certified to us for review and determination. Code, Art. 5, § 21. Each of the cases came to the Circuit Court for Howard County for trial de novo upon appeal from the District Court of Maryland. Code, Art. 26, § 156. Baker was convicted in the District Court on 1 November 1972 of the misdemeanor of driving a vehicle on 4 October 1972 while his driving ability was impaired by the consumption of alcohol, as proscribed by Code, Art. 66½, § 11-902 (b). He was fined $400 and $5 costs, to be paid at the rate of $50 a week. Code, Art. 66½, § 17-101 (b) (ii). Dodd was convicted in the District Court on 19 December 1972 of the misdemeanor of wilfully tampering with an automobile on 24 October 1972 without the consent of the owner, as proscribed by Code, Art. 66½, § 4-104 (a). He was sentenced to 30 days in the Howard County jail. Code, Art. 66½, § 17-101 (c).

The charging document in each case is entitled "Maryland Uniform Complaint and Summons", Baker's numbered 0651297 and Dodd's numbered 0736352. The document is a printed form with blanks to be completed. When completed it shows the name, address, height, weight, race, sex and birth date of the accused, the vehicle he was driving, if any, and the name and address of his employer. It designates the offense charged and the date and place it was alleged to have been committed. It gives the date and time the accused was summoned to appear for trial and in what District Court. It contains the following over a line for the signature of the accused:

"I hereby acknowledge receipt of this summons by my signature, which is not an admis-

> sion of guilt. I have been advised of my right to stand trial and be represented by counsel and do promise to appear for trial at the time and in the court specified or I may plead guilty, pay a fine and not appear for trial, unless I must stand trial as directed by the officer or by the court."

Dodd signed and Baker did not. There follows the amount of bail required, whether or not it was paid, and by whom received. There are spaces for the officer's signature, his identification number and the "officer's printed name." The document as to Baker reads that the bail was $250, and that he was committed by W. Jay Peters. The officer is Namon Brown. The document as to Dodd reads that the bail was $100 and that he had been released on his personal recognizance by Russell Stromberg. The officer is William J. Mansfield. Immediately thereafter there is a printed jurat:

> "In the District Court of Maryland, the above officer, being duly sworn, deposes and states that the above information is true and does believe the above person committed above offense contrary to law.
>
> Subscribed and sworn
> to before me this ..... ..... day of .............. 1972."

The date as to Baker reads 1 November 1972 and as to Dodd 19 December 1972. There is no space calling for the signature or designation of the person before whom the officer subscribed and swore. At the bottom of the document are spaces in which to set out the disposition of the case, ending with the signature of the trial judge.

On 21 March 1973, both Baker and Dodd were called for trial in the Circuit Court for Howard County on appeals from the District Court. Dodd's case was called first. He filed a pretrial motion to dismiss the "summons", claiming:

> "1. The summons does not indicate on its face

that it is the prescribed form of complaint.
Article 66½, Sec. 16-117.

2. The summons is not a lawful complaint.
Article 66½—16-120.

3. The summons was not attested to as required
by Section 16-121."

The motion was heard prior to trial on the merits. Dodd produced Officer Mansfield, who testified that on 24 October 1972 he was a member of the Howard County Police Department. On that date he took Dodd in custody. He issued the document above referred to and took Dodd to the residence of Commissioner Stromberg, who advised Dodd of his rights and "put him on a hundred dollar bond on his own recognizance." Mansfield said he "never swore before anyone that the above information as set forth in this summons is true and that [he] believed that the above person, that is Mr. Dodd, committed the above offense contrary to law." He was sworn to testify at the trial in the District Court. The court reserved its ruling on the motion.

When Baker's case was called, he moved orally, prior to trial, for the dismissal of the "ticket" because "the officer did not swear to, make oath to the ticket prior to the trial in the District Court, and therefore, it not being attested to prior to trial it was illegally tried in the District Court." Trooper Namon Brown of the Maryland State Police testified on the motion in Baker's behalf. He said he issued the "summons" on 4 October 1972. He initially stopped Baker for exceeding the posted speed limit and issued a ticket therefore. Baker appeared to be intoxicated and Brown arrested him and took him to Waterloo Barracks. He wrote up a summons charging Baker with "oper. a m/v while intoxicated and or ability was impaired", in violation of Code, Art. 66½, §§ 11-902 (a) and (b). Brown then took Baker before Commissioner Peters, who read the charges to Baker, advised him of his rights and set bond of $250. Baker could not make bond and was incarcerated. Upon inquiry by the court, it was adduced that Brown did not relate the cir-

cumstances which led him to place the charges of violating § 11-902 (a) and (b), nor did he swear to a statement regarding the charges. He was not sworn at all until he testified in the District Court. Brown told what he knew about the completion of the date in the "swearing" section of the "summons". "Well, all I know is Judge Nissel [presiding in the District Court] after the swearing all witnesses in, Judge Nissel filled in the process there and then after hearing the case he filled in, completed the bottom [the information about the disposition of the case]." The court reserved its ruling on the motion. "I'll have to just take the same position on this I took on the prior case."

On 4 May 1973 the Circuit Court for Howard County granted the motion in each case and ordered "the summonses dismissed." On 17 May, upon hearing before us, we reversed the order of the court below "for reasons to be stated in an opinion to be filed later", and remanded the cases for further proceedings. We now state our reasons.

The question is whether the charging documents under which Baker and Dodd were tried were invalid because they were not sworn to by the issuing officer.

In the circuit courts of the counties and the Criminal Court of Baltimore a trial for a criminal offense shall be held only on indictment. Maryland Rule 703. "Indictment" includes an indictment, a criminal information, and a "charging document issued by a judicial officer of the District Court where a jury trial was prayed in the District Court or an appeal has been taken from a judgment of the District Court." Rule 702 a. Under the Maryland District Rules "charging document" means arrest warrant, summons to a defendant, statement of charges, citation, or criminal information.[1]

---

1. A "judicial officer" means a District Court judge or commissioner. Maryland District Rule 702 f. We do not construe Rules 702 a and 703 as precluding a trial in a circuit court of a county or the Criminal Court of Baltimore, when a jury trial was prayed in the District Court or an appeal has been taken from a judgment of the District Court, upon a citation or statement of charges, even though they are not issued by a judicial officer or the District Court. See M.D.R. 702 c; M.D.R. 706 c 3 and 4; M.D.R. 706 e.

## I

There is no constitutional mandate that a charging document *per se* be verified by oath. Amendment V to the Constitution of the United States includes the guarantee: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; . . . ." This guarantee has not been held to apply to the states through Amendment XIV. In Article 21 of the Declaration of Rights of the Constitution of Maryland the People of the State of Maryland declared: "That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence; . . . ." See *Lank v. State,* 219 Md. 433; *Heath v. State,* 198 Md. 455: This provision says nothing about the charge being under oath.[2]

Both the federal and Maryland constitutions require that arrest warrants and search and seizure warrants be supported by oath or affirmation.[3] Therefore, when an arrest warrant is the charging document and criminal

---

2. Neither an indictment nor an information is itself sworn to, but the grand jurors are to inquire upon their oaths whether there be sufficient cause to call upon a party to answer an accusation, and if so they present upon that oath. IV Blackstone, *Commentaries on the Laws of England* 303.

An information is presented by way of suggestion and information of the prosecuting attorney, not by such officer swearing to each information, but upon his official oath. *Id.,* at 309; Hochheimer, *Criminal Procedure,* § 129 (1st Ed.). See Maryland Rules 708 and 712.

3. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Amendment IV, Constitution of the United States. This guarantee applies to the states. *Mapp v. Ohio,* 367 U. S. 643.

In the Declaration of Rights to the Maryland Constitution it was declared by Article 26 "That all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; . . . ."

prosecution had thereunder, the warrant must be supported by oath or affirmation. The arrest warrant, however, is the only charging document subject to this constitutional requirement.

## II

The inquiry turns to whether statute or rule requires that a charging document, other than an arrest warrant, be directly supported by oath or affirmation. As we have indicated, the District Court Rules designate five distinct charging documents: (1) arrest warrant, (2) summons to a defendant, (3) statement of charges, (4) citation, and (5) criminal information. M.D.R. 702 a. A "citation" is defined to mean "a written order issued by a law enforcement officer requiring a person accused of violating a law to appear in a designated court at a specified date and time." M.D.R. 702 c. A "statement of charges" is prepared by the officer or under the supervision of the officer in whose custody a defendant is placed upon being arrested without a warrant. M.D.R. 706 c 3. With certain specified exceptions, a summons, rather than an arrest warrant, shall be issued in any case in which the defendant is charged only with a petty offense, and in any other case in which the State's Attorney so requests, M.D.R. 706 c 2 (a) (2), and may be issued in any case in which the issuing officer has reason to believe that the defendant will appear in response thereto. M.D.R. 706 c 2 (a) (2) and 706 c 2 (b). See Code, Art. 66½, §§ 16-105 and 16-107.

Under the Maryland District Rules, of the five charging documents, it is only the "application" for an arrest warrant or summons which shall be made in writing and signed by the applicant "upon oath before a judicial officer," M.D.R. 706 a, and it is only with respect to an application for an arrest warrant or summons that the judicial officer "may make inquiry concerning the defendant's residence, employment, family relationships, past history of response to legal process, and past

criminal record," M.D.R. 706 b. The Maryland District
Rules say nothing about oath or affirmation with regard
to a citation, statement of charges, or criminal informa-
tion. It is significant, however, that they explicitly pro-
vide, Rule 706 c 4:

> "Nothing in these rules shall limit the author-
> ity of a law enforcement officer to issue a traffic
> or other citation wherever such authority has
> been granted by law."

### III

Each of the two charging documents in the cases be-
fore us was a citation issued by a law enforcement officer.
The authority for their issuance is granted by Code, Art.
66½, § 16-109 (a) :

> "Whenever a person is halted by a police
> officer for an offense punishable as a misde-
> meanor and which is . . . a violation of this
> article [Vehicle Laws] . . . and is not taken
> before a District Court commissioner as here-
> inbefore required or permitted,[4] the officer shall
> prepare a written traffic citation containing a
> notice to appear in court, the name and address
> of the person, his driver's license number, the
> State registration number of his vehicle, if any,
> the offense charged, the time and place the per-
> son shall appear in court, and such other perti-
> nent information as necessary."

Subsection (d) of that section provides:

> "The person charged with the violation may
> give his written promise to appear in court by
> signing at least one copy of the written traffic
> citation prepared by the officer, in which event
> the officer shall deliver a copy of the citation to

---

4. It seems that both Baker and Dodd were taken before a Dis-
trict Court Commissioner only to set bail. M.D.R. 777.

the person, and thereupon the officer shall not take the person into physical custody for the violation." [5]

The form of citation shall be as prescribed by the Motor Vehicle Administrator, Code, Art. 66½, § 16-117 (a), and the officer issuing the citation shall cause "the original copy" to be promptly delivered to the court in which the case is to be heard, § 16-118 (a). There are two sections of Art. 66½ dealing with the use of a citation as a charging document. Section 16-120 provides:

"If the form of citation provided under § 16-117 includes information and is sworn to as required under the general laws of this State in respect to a complaint charging commission of the offense alleged in the citation to have been committed, the citation when filed with a court having jurisdiction shall be deemed to be a lawful complaint for the purpose of prosecution under this article."

Section 16-121 provides:

"No trial court shall try any case of an alleged violation of this article or moving violation of any traffic law or regulation of any local authority, except upon a duly attested uniform traffic citation prescribed by the Commissioner or duly attested warrant, information or indictment."

We assume for the purpose of decision that the citations here reviewed include "information" within the contemplation of § 16-120,[6] and, therefore, to be deemed a

5. If the person charged fails to appear in accordance with his promise, the District Court judge shall issue a warrant for his arrest, or in lieu thereof, a summons to appear. Code, Art. 66½, § 16-113 (c).

6. The State suggests that "information" means a statement of the basis of the charge as in an application showing probable cause for the issuance of an arrest or search warrant and not merely a designation of the offense alleged to have been committed.

"lawful complaint", must be sworn to as prescribed by the section. The citation, according to § 16-120, must be "sworn to as required under the general laws of this State in respect to a complaint charging commission of the offense alleged in the citation to have been committed." Our attention has not been called to a provision in the general laws of this State that a complaint charging a person with driving a vehicle while his ability is impaired by the consumption of alcohol, Code, Art. 66½, § 11-902 (b), or with tampering with a vehicle without the consent of the owner, § 4-104 (a), must be sworn to. As we understand the opinion of the court below, it found no such provision, and we are not aware of one.

We hold that the citations before us were not required to be supported by oath under Code, Art. 66½, § 16-120.

We find that the citations here fully complied with Code, Art. 66½, § 16-121. We believe that the evidence was legally sufficient to show that the citations here were each a "uniform traffic citation prescribed by the Commissioner [Motor Vehicle Administrator, Code, Art. 66½, § 1-113]." The citation is entitled "Maryland Uniform Complaint and Summons" and we think it patent on the face of the citation that it was a uniform form. In its memorandum opinion of 30 March 1973 the court below said: "If the form used is not in accordance with a form which may have been prescribed by the Commissioner pursuant to Section 16-117 it was the burden of the defendants to so establish and this they have not done." In the circumstances, we agree.

The remaining requirement of § 16-121 is that the citation be "duly attested." "Attest" is first defined in Webster's Third International Dictionary, unabridged, as "to bear witness to: affirm to be true or genuine: certify; *specif:* to witness and authenticate by signing as a witness." The second meaning given by Webster is "to authenticate officially (as the truth of a writing)." Each citation here was signed by the issuing officer. We believe that in signing the citation the officer issuing it

"duly attested" to it within the contemplation of § 16-121.

We deem the jurat section of the citation to be surplusage.[7] We do not believe that the inclusion of this jurat establishes that the Motor Vehicle Administration construed the law as requiring the citation to be supported by the oath of the issuing officer, but even if it did, this would not preclude our inquiry into the correctness of the construction. *Smith v. Higinbothom,* 187 Md. 115, 132. For reasons above indicated, we think that such construction is incorrect in any event. Had the legislature meant, in prescribing in § 16-121 the conditions under which a case may be tried on a citation, that the citation be supported by oath, it would have used the phrase "sworn to", as it did in § 16-120, rather than "attested."

We hold that a citation within the ambit of Code, Art. 66½, § 16-121 need not be supported by oath as a requirement for trial upon it in a case of an alleged violation of Code, Art. 66½ or moving violation of any traffic law or regulation of any local authority.

Under our holdings the citations before us are valid and may be used to try the cases of the violations alleged to have been committed by Baker and Dodd. We therefore issued our order of 17 May 1973 reversing the order of the court below of 4 May 1973 and remanding the cases for further proceedings.

---

7. As pointed out above there is no space immediately following the jurat in which the person administering the oath may subscribe his name and designate his official capacity.