# MILTON FRANKLIN KIRSNER *v.* STATE OF MARYLAND

[No. 304, September Term, 1974.]

*Decided February 19, 1975.*

The cause was argued before MORTON, THOMPSON and POWERS, JJ.

*Richard L. Stack* for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Warren B.*

*Duckett, Jr., State's Attorney for Anne Arundel County* and *Jack Dryden, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Appellant, Milton Franklin Kirsner, was convicted on 27 February 1974 in the District Court of Maryland, sitting in Anne Arundel County, of failing to drive in a designated lane. A fine of $10.00 was imposed, but was suspended, on the condition that appellant attend the traffic clinic. He was also required to pay costs of $5.00. He appealed to the Circuit Court for Anne Arundel County, where the case was tried de novo on 3 May 1974 before Judge Matthew S. Evans, without a jury. Judge Evans entered a finding of guilty, imposed a fine of $10.00 and costs, and suspended the fine.

We granted Kirsner's petition to this Court for a writ of certiorari, and placed the case on our regular appeal docket.

Appellant's contention in his brief and at oral argument is that he was tried and convicted in the District Court for violating § 11-301 of Code, Art. 66½, and that on his de novo appeal to the Circuit Court he was tried and convicted for violating § 11-309. He argues that his de novo trial in the Circuit Court could be only for the same offense of which he was convicted in the District Court.

The charging document on which appellant was tried in both courts is a "Maryland Uniform Complaint and Citation", as prescribed by the Motor Vehicle Administrator pursuant to Art. 66½, § 16-117. It is a printed form with blanks to be completed. When completed it shows the name of the accused and other information concerning him, and designates the offense charged and the date and place it was alleged to have been committed.[1] We could fairly read the Citation in this case as charging that Milton Franklin Kirsner, on January 28, 1974, did unlawfully violate Article

---

1. See State v. Dodd and Baker, 17 Md. App. 693, 304 A. 2d 846 (1973), (cert. denied as to Baker 3 July 1973) in which Chief Judge Orth, for this Court, discussed in more detail than is necessary here, traffic citations and other charging documents.

66½, Section [11-309] [2] by failing to drive in designated lane of traffic, at northbound Rt. I 695 and Rt. 3, in Anne Arundel County. The Citation was filled out and signed by Maryland State Trooper B. L. Weaver. Mr. Kirsner signed the Citation to indicate his promise to appear for trial.

A transcript of what occurred at the trial in the District Court shows that when the case was called the judge read the charge to Mr. Kirsner as "failing to drive in a designated lane". Mr. Kirsner pleaded not guilty. The trooper testified. In substance, the trooper said that the vehicle of the accused was in the slow lane on the Baltimore Beltway. Beginning about 1,000 feet from the point where traffic from northbound Route 3 was coming onto the Beltway, there was a series of signs saying that the lane ends, and directing traffic to merge left. The trooper said that the vehicle operated by the accused continued across the white lines in the same lane of traffic. Mr. Kirsner denied that there was any traffic control device there. Mr. Kirsner then stated to the judge that from his Citation he could not "determine what section of the annotated code it is by looking at it". The judge apparently looked, and said, "It's 11-301". Mr. Kirsner then said it looked like either 11-301 or 11-309, and since both sections refer to designated lanes, the charge was ambiguous and had no legal force. The judge commented that even if the section wasn't in there it would make no difference.

At the end of the trial the judge made his finding, "I find you guilty of failing to drive in a designated lane * * *." The sentence imposed was valid under Code, Art. 66½, § 17-101 for a violation of either section.

The record sent to us contains no transcript of the proceedings in the Circuit Court on appeal. The docket notes receipt of "Original Papers & Order for Appeal from District Court * * *, Charging as follows — On January 28, 1974 —

---

2. The number inserted in the blank after the word "Section" is not entirely legible. It could be read as "11-309" or as "11-301". The last digit could be a "1" which is thicker than normal at the top, or a "9" which is flat where it should be round.

Warrant #1534591, Fail to drive in des. lane of traffic. Verdict — Guilty * * *." Thereafter the docket shows, "Trial held, * * * Finding Guilty * * *." A stipulation between counsel for the State and for the appellant summarizes the proceedings in the Circuit Court as follows:

" * * * defense counsel inquired of the court as to under which section of the Code the Defendant was being tried; that defense counsel produced the transcript of the trial held in the District Court of Maryland; that Judge Evans then called counsel to the bench, at which time Judge Evans personally viewed the charging document and read it as 11-309; that Judge Evans declared that in said C.A. #2405, he would proceed to try the Defendant as being in violation of 11-309 and not 11-301 * * *."

We agree with appellant that his de novo trial in the Circuit Court on appeal could be had only on the same charge of which he was convicted in the District Court, and on no other charge. The jurisdiction of the Circuit Court to try a person accused of a traffic misdemeanor is appellate only, but the appeal is tried de novo. Courts Article, § 12-401. Original jurisdiction to try such a case is exclusive in the District Court. Courts Article, § 4-301.

But we disagree with appellant's premise that he was tried and convicted in the District Court for a violation of § 11-301. The wording of the charge on the Citation was, "Fail to Drive in des. Lane of Traffic", and the charge as read to the appellant when his case was called, and to which he pleaded, was, "You're charged with failing to drive in a designated lane of traffic". He was found guilty of "failing to drive in a designated lane".

Appellant misread the statute when he said that § 11-301 refers to designated lanes. That section requires generally that vehicles be driven on the right half of a roadway upon which traffic normally moves in both directions, with certain exceptions, and we can see no applicability of § 11-301 to divided or dual highways. On the other hand, § 11-309 has general application to any roadway which has

been divided into two or more clearly marked lanes for traffic. The applicable subsection, (3), provides:

"Official traffic-control devices may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, and drivers of vehicles shall obey the directions of every such device."

The words of both the charge as alleged, and the conviction as found, "failing to drive in a designated lane", fairly describe conduct which violates the requirement of the statute that drivers of vehicles shall obey the directions of an official traffic-control device directing traffic to use a designated lane.

The reference in the Citation to a section number of the vehicle laws, which may or may not have been a correct reference, did not override the words of the charge, even if the number was incorrect. Nor would the comment of the District Court judge that "It's 11-301", coupled with his comment that, "Even if the section wasn't in there it would make no difference", change the clear meaning of the words of the charge and of the finding. As it was included in the Citation involved in this case, the reference to a section number of the vehicle laws was nonessential, and may be regarded as surplusage.

We hold that in the District Court appellant was charged, tried, and convicted, not with relation to a section number in the vehicle laws, but upon a description of his conduct, alleged to be unlawful, a description clearly showing a failure to obey the requirements of § 11-309 (3).

The conclusion we have expressed is supported by the authorities. In *Baker v. State,* 6 Md. App. 148, 250 A. 2d 677 (1969), this Court, in considering whether a questioned count in an indictment charged an offense, said, at 157:

"When the offense is sufficiently particularized, it is not necessary to specify the exact section of the statute or to set forth the law which is alleged to

have been violated. But there must be such specification of language as to bring the charge within the particular portion of the statute on which it is based * * *."

And in 4 *Wharton's Criminal Law and Procedure* (Anderson 1957), cited and quoted in *Baker*, it is stated, in § 1795:

"An indictment which properly charges an offense under a statute is good, although the offense charged is not the one which the prosecuting attorney had in mind when he drew the indictment, and the fact that an indictment is not sufficient to charge an offense under a statute indorsed on the margin does not invalidate it when it sufficiently alleges an offense under a later statute not noted thereon or called to the attention of the lower court."

In 42 C.J.S. *Indictments and Informations* § 138 (1944), it is said:

"As a general rule, a misrecital of the statute does not avoid the indictment where the facts stated constitute an offense under any statute * * *."

and the 1974 Supplement adds additional text to § 138 as follows:

"The statute on which an indictment is based is to be determined from the facts charged, rather than the statute referred to."

The logic of the rule is clear when we remind ourselves of the purpose of a charge. The Court of Appeals, in *Lank v. State*, 219 Md. 433, 149 A. 2d 367 (1959), said, at 436:

"It has been stated that the purpose of a criminal charge — be it a state warrant, an information or an indictment — is twofold, that is, the charge must so characterize the crime and describe the particular offense 'as to put the accused on notice of

what he is called upon to defend and to prevent a future prosecution for the same offense.' *Gray v. State*, [216 Md. 410, 140 A. 2d 643 (1958)]."

In *United States v. Hutcheson*, 312 U. S. 219, 61 S. Ct. 463, 85 L. Ed. 788 (1941), several labor union officials had been indicted for engaging in a criminal combination and conspiracy in restraint of trade, in violation of the Sherman Law (1890). Demurrers denying that what was charged constituted a violation of the laws of the United States were sustained below, and the government appealed. The Supreme Court affirmed, reading the indictment not only in the light of the Sherman Law, but of the Clayton Act (1914) and the Norris-La Guardia Act (1932). The Court said, at 229:

"In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment but it may nevertheless come within the terms of another statute. See *Williams v. United States*, 168 U.S. 382. On the other hand, an indictment may validly satisfy the statute under which the pleader proceeded, but other statutes not referred to by him may draw the sting of criminality from the allegations."

In *Sonnier v. United States*, 314 F. 2d 69 (4th Cir. 1963), the indictment against appellant charged in detail what he was alleged to have done, and termed his actions "in violation of Title 18 § 265 of the United States Code". At trial appellant was found guilty of violation of 18 U.S.C. § 472. He moved to vacate the judgment and sentence, and when that motion was denied, he appealed. There was no § 265 at the time of the indictment or thereafter. The proper section was § 472, which, with minor changes in phraseology, was identical with the former § 265. The Court declined to vacate the judgment. It said, at 70:

"It is obvious that in this case the defendant was not misled. The indictment charged in the language of 18 U.S.C. § 472 the offense there described and for which the defendant was convicted. He could not have been more clearly informed of the nature of the charge against him if the correct citation had been given." [3]

Two earlier Fourth Circuit cases applying the same principle are cited in *Sonnier*. Other Federal Court decisions to the same effect are *Georges v. United States*, 262 F. 2d 426 (5th Cir. 1959); *United States v. McKnight*, 253 F. 2d 817 (2nd Cir. 1958); and *Masi v. United States*, 223 F. 2d 132 (5th Cir.), *cert. denied*, 350 U. S. 919, 76 S. Ct. 208, 100 L. Ed. 805 (1955), where the Court said, at 133:

"The law is well settled that the statute on which an indictment is founded must be determined from the facts charged in the indictment, and the facts as pleaded may bring the offense charged within one statute, although another statute is referred to in the indictment." [Citations omitted].

The Supreme Court of California, in *People v. Schueren*, 10 Cal. 3d 553, 516 P. 2d 833 (1973), considered whether an information which referred to one, but not to the other, of two sections of the Penal Code, charged the offense of assault with intent to commit murder, or the offense of assault with a deadly weapon. The Court said, at 558:

"Penal Code sections 951 and 952, which specify the form and matters that must appear in an

---

**3.** The Court noted petitioner's reliance upon Rule 7 (c) of the Federal Rules of Criminal Procedure, which requires citation of the statute alleged to have been violated. But the Court pointed out that Rule 7 (c) also provides that error in the citation or its omission shall not be ground for dismissal or reversal if the error or omission did not mislead the defendant to his prejudice.

A traffic citation is authorized in Maryland by Code, Art. 66½, § 16-109 (a), which also prescribes what the citation shall contain. It need not contain a reference to the statute alleged to have been violated. M.D.R. 706 e. applies to a warrant, a summons, and a statement of charges, but not to a citation.

information, contain no requirement that the statute which the accused is charged with violating be designated by number, and even a reference to the wrong statute has been viewed of no consequence under the circumstances there appearing * * *." [Citations omitted].

Mr. Kirsner's appeal to the Circuit Court for Anne Arundel County brought up for review his District Court conviction for failing to drive in a designated lane. His trial de novo in the Circuit Court had to be, and was, on the same charge. The State's motion to dismiss this appeal has no merit.

*Motion to dismiss denied.*
*Judgment affirmed.*
*Appellant to pay costs.*